UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESSERI MCCRAY, *on behalf of herself and all others similarly situated*,

    Plaintiff,

v.

Case No.: 8:18-cv-731-EAK-SPF

DEITSCH AND WRIGHT, P.A.,

    Defendant.

## ORDER

**THIS CAUSE** is currently before the Court on Defendant Deitsch and Wright, P.A.'s Motion for Judgment on the Pleadings ("**Motion**") (Doc. 21) and Plaintiff Desseri McCray's response in opposition to the same ("**Response**") (Doc. 23). The Motion is **GRANTED IN PART AND DENIED IN PART**.

### I.   Background[1]

On January 8, 2015, Plaintiff incurred a debt for personal medical services provided to Plaintiff by Excel Medical Imaging, P.L. (Doc. 1, at ¶20); (Doc. 1-1). Defendant is a third-party debt collector with which Excel Medical Imaging, P.L. placed Plaintiff's account for collection. (Doc. 1 at ¶¶21–22); (Doc. 1-1). In connection with collecting on Plaintiff's debt, on October 26, 2017, Defendant sent

---

[1] The facts in this section are taken from Plaintiff's complaint and the accompanying exhibits and are accepted as true for purposes of deciding the Motion.

Case No.: 8:18-cv-731-EAK-SPF

Plaintiff a collection notice ("**First Collection Notice**"). Id. at ¶23; (Doc. 1-1). This collection notice was Defendant's first communication to Plaintiff with respect to the debt. (Doc. 1, at ¶25). The notice explained that Plaintiff's debt with Excel Medical Imaging, P.L. in the amount of $1,743.75 had been referred to Defendant for collections. (Doc. 1-1). The notice further explained that Defendant had been "authorized to use any means at [its] disposal, within the limits of the law, necessary to collect the full balance." Id. The notice requested that Plaintiff contact Defendant via telephone to make payment, which Defendant explained could be made by credit card, check, or money order. Id. The notice advised that "if [Defendant] did not receive payment promptly [it would] be forced to take additional action to [collect the debt]." Id. The notice further advised:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will; [sic] assume this debt is valid. If you do notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Id. Because Plaintiff is disabled and on a fixed income, she was unable to remit payment of the debt. (Doc. 1, at ¶31).

Case No.: 8:18-cv-731-EAK-SPF

Subsequently, on December 20, 2017, Defendant sent Plaintiff a second collection notice ("**Second Collection Notice**").[2] <u>Id.</u> at ¶32; (Doc. 1-2). Defendant's Second Collection Notice was, in all relevant respects, identical to its First Collection Notice. <u>Compare</u> (Doc. 1-1) <u>with</u> (Doc. 1-2). Prior to sending the Second Collection Notice, Defendant had not taken any additional action to collect on the debt. (Doc. 1, at ¶35).

Plaintiff commenced this putative class action by filing a two-count, civil complaint on March 27, 2018 pursuant to the Fair Debt Collection Practices Act ("**FDCPA**") (the "**Act**"), 15 U.S.C. § 1692, <u>et seq.</u> <u>See generally</u> (Doc. 1). Count I alleges that the threat of additional action and demand for immediate payment in Defendant's First Collection Notice "overshadowed" Plaintiff's right to dispute and request verification of the debt within thirty days, violating 15 U.S.C. § 1692g(b). (Doc. 1, at ¶¶63–79). Count II alleges that, by stating that Plaintiff had an additional thirty-day period in which she could dispute the debt, Defendant's Second Collection Notice is misleading or may confuse the "least sophisticated consumer" as to his or her rights, violating 15 U.S.C. § 1692e(10) ("**Verification Period Violation**" claim). (Doc. 1, at ¶¶80–85). Count II further alleges that, by advising that Defendant had been authorized to use any legal means necessary to collect the debt,

---

[2] The Court will refer to the both the First Collection Notice and the Second Collection Notice, collectively, as the "Collection Notices."

Case No.: 8:18-cv-731-EAK-SPF

and that, if it did not receive prompt payment, Defendant would take "additional action" to collect the debt, Defendant's First Collection Notice conveyed a "false sense of urgency," violating 15 U.S.C. § 1692e(10), since Defendant did not actually take subsequent legal action but, instead, simply sent Plaintiff the Second Collection Notice two months later ("**False Sense of Urgency**" claim). (Doc. 1, at ¶¶86–90).

After an agreed upon extension of time, Defendant filed its answer and affirmative defenses to Plaintiff's complaint on May 23, 2018, denying the bulk of Plaintiff's allegations and raising one affirmative defense to liability. See generally (Doc. 13). Defendant then filed its Motion on June 27, 2018. See generally (Doc. 21). Through its Motion, Defendant contends that it is entitled to judgment as a matter of law because neither of its Collection Notices violated Section 1692g(b) or 1692e(10). See generally (Doc. 21). Specifically, Defendant argues that nothing in the First Collection Notice overshadowed the required statutory disclosures regarding Plaintiff's right to dispute the debt within thirty days in violation of Section 1692g(b). Id. at 4–5. Defendant further argues that sending successive collection notices, each of which contain thirty-day validation notices, does not mislead or deceive the "least sophisticated consumer" in violation of Section 1692e(10). Id. at 5–6. Finally, Defendant argues that the language contained in its First Collection Notice would not convey a false sense of urgency to the "least sophisticated" consumer in violation of Section 1692e(10). Id. at 6–7.

4

Case No.: 8:18-cv-731-EAK-SPF

Plaintiff filed her Response on July 11, 2018. See generally (Doc. 23). In opposition, Plaintiff argues that that the language in Defendant's First Collection Notice "demanding immediate payment and threatening legal action overshadowed the [required statutory disclosures]." Id. at 3–6. Plaintiff further argues that Defendant's Second Collection Notice, on its face, would tend to mislead the "least sophisticated consumer" into believing that he or she had an additional thirty days to dispute the debt. Id. at 9–14. Finally, Plaintiff argues that Defendant's implicit threat of potential legal action in the First Collection Notice if prompt payment was not made would convey a "false sense of urgency" to the "least sophisticated consumer," since Defendant, in fact, did not initiate subsequent legal proceedings, but merely sent a follow-up collection notice. Id. at 7–9.

Defendant's Motion is fully briefed and ripe for decision. Upon careful consideration of the parties' briefings, and as more fully set forth below, Defendant's Motion is due to be granted in part and denied in part.

## II. **Legal Standard**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.

1998) (citing Bankers Ins. Co. v. Fla. Residential Property and Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998)). When considering a motion for judgment on the pleadings, all allegations in the complaint must be accepted as true, and all facts must be viewed in the light most favorable to the nonmoving party. Id. "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996)).

### III. Discussion

"Congress enacted the FDCPA to (a) stop debt collectors from using abusive debt collection practices, (b) insure that debt collectors who refrain from such practices are not competitively disadvantaged, and (c) promote consistent state action to protect consumers from such practices." Newman v. Ormond, 396 F. App'x 636, 638 (11th Cir. 2010) (unpublished) (citing 15 U.S.C. § 1692e). The FDCPA provides a civil cause of action against any debt collector who fails to comply with its requirements. See 15 U.S.C. § 1692k(a). "The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." Newman, 396 F. App'x at 638 (citing LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010)).

Case No.: 8:18-cv-731-EAK-SPF

Among other things, "[t]he [FDCPA] prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292–93 (1995) (alterations in original) (internal quotations omitted). To that end, Section 1692g requires that

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a)(1)–(5). It is a violation of Section 1692g for a debt collector to undertake any collection activities or communication during the 30-day period that "overshadow [or are] inconsistent with the disclosure of the consumer's right to

Case No.: 8:18-cv-731-EAK-SPF

dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). Furthermore, it is a violation of Section 1692e for a debt collector to "use any false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692e(10). Plaintiff alleges that Defendant's Collection Notices violated both provisions.

In the Eleventh Circuit, whether a collection notice violates 15 U.S.C. § 1692g(b) or § 1692e(10) is determined objectively from the perspective of the "least sophisticated consumer." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that "least sophisticated consumer" standard applies to claims under Section 1692e(10)); Leonard v. Zwicker & Assocs., P.C., 713 F. App'x 879, 882 (11th Cir. 2017) (unpublished) (assuming without deciding the "least-sophisticated-consumer" standard applies to claims under Section 1692g). "The least-sophisticated consumer standard takes into account that consumer-protection laws are not made for the protection of experts, but for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous." Crawford, 758 F.3d at 1258–59 (internal quotations and citations omitted). "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Id. at 1259. And it is presumed "that the consumer possesses a rudimentary amount of

Case No.: 8:18-cv-731-EAK-SPF

information about the world and a willingness to read the communication with some care." Edstrom-Smith v. Kass Shuler, P.A., 680 F. App'x 813, 814 (11th Cir. 2017) (unpublished) (alterations removed) (internal quotations and citations omitted).

To establish a claim under the FDCPA, the plaintiff must show "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Gesten v. Phelan Hallinan, PLC, 57 F. Supp. 3d 1381, 1385 (S.D. Fla. 2014) (quoting Pescatrice v. Robert J. Orovitz, P.A., 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008)). Here, neither party disputes that Plaintiff was the object of collection activity arising from consumer debt, or that Defendant is a debt collector as defined by the FDCPA. Rather, as detailed supra, the issue before the Court is whether, by sending the Collection Notices, Defendant engaged in an act or omission prohibited by the FDCPA. Defendant contends that, as a matter of law, it did not. See generally (Doc. 21).

**A. Plaintiff's 1692g(b) Claim**

Plaintiff alleges that Defendant violated Section 1692g(b) by "overshadowing" Plaintiff's right to dispute the debt via its threat of additional action and demand for immediate payment in its First Collection Notice. Notably, the Eleventh Circuit has not yet addressed FDCPA violations under Section

Case No.: 8:18-cv-731-EAK-SPF

1692g(b), and therefore, has not yet defined what communications would "overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C.A. § 1692g(b)). However, this case is on all fours with <u>Yunker v. AllianceOne Receivables Mgmt., Inc.</u>, No. 0:10-cv-61796-UU, 2011 WL 13239460, at *5 (S.D. Fla. July 19, 2011). In <u>Yunker</u>, Plaintiff was a participant in Sunpass, Florida's prepaid toll program. Id. at *1. Plaintiff failed to remit payment for unpaid balances due on her account, and her account was subsequently turned over to the defendant, AllianceOne, a third-party collection agency. Id. In attempting to collect on the debt, the defendant sent a collection notice to the plaintiff which stated in relevant part:

> Your account has been reported past due, and has now been placed with AllianceOne for immediate collection efforts. It is important to contact us as soon as possible. If remitting payment, please include the payment stub below and be sure your account number appears on your check or money order. All contacts and payments are to be made through this office to ensure proper posting and credit reporting.
>
> Where the debt is $50.00 or more, it is our practice to place information regarding the debt with the appropriate credit-reporting agencies.
>
> For your added convenience and immediate credit, you may pay your account at any Western Union location. Please call for details.
>
> You may be eligible for a time payment program. Please contact us for details.
>
> For your convenience you can now make your debit card or credit card payment towards your AllianceOne account online at: http://www.pavaoi.com or by calling our 24 hour automated phone system at the number above.

Case No.: 8:18-cv-731-EAK-SPF

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Id. at *1–2.

The plaintiff sued, alleging, *inter alia*, that the collection notice's "accentuation of immediacy in its demands overshadowed the [notice's] required disclosure under § 1692g that [the plaintiff] had a 30-day period to contest the debt's validity." Yunker v. Allianceone Receivables Mgmt., Inc., 701 F.3d 369, 371 (11th Cir. 2012) (internal quotations omitted).[3] After the close of discovery, the parties filed cross motions for summary judgment. Id. Through her motion, the plaintiff moved for summary judgment on four of her seven FDCPA claims, including her claim that alleged a violation of 15 U.S.C. § 1692g(b). Id. The defendant filed a

---

[3] The defendant appealed the district court's grant of summary judgment in favor of the plaintiff on her Section 1692g(b) claim. However, the Eleventh Circuit dismissed the defendant's appeal as moot for reasons not relevant to the Court's decision, here. The Court cites to the Eleventh Circuit's opinion merely for the relevant background information it provides.

response to the plaintiff's motion but did not address her Section 1692g(b) claim. Id.

Upon review, United States District Judge Ursula Ungaro explained that the issue of whether the language and format employed by the defendant was inconsistent with or overshadowed the required disclosures was "a close call." Id.; Yunker, 2011 WL 13239460, at *5. "However, [Judge Ungaro] concluded that [the defendant's] [collection notice] violated § 1692g as a matter of law because some of the [notice's] language, which suggested a necessity for immediate payment, was inconsistent with the [notice's] required notification regarding the 30-day dispute period." Yunker, 701 F.3d at 371; Yunker, 2011 WL 13239460, at *5. Specifically, Judge Ungaro reasoned:

> In Defendant's favor, the letter that Plaintiff received was printed on a single page and included all of the required disclosures in the same font as Defendant used to make its most emphatic statements. However, the letter also stated inconsistently with the requirement that the debt collector provide a thirty day period to contest the debt that Plaintiff was subject to "immediate collection efforts" and that she should contact Defendant "as soon as possible." The letter also stated that "Where the debt is $50.00 or more, it is our practice to place information regarding the debt with the appropriate credit-reporting agencies," suggesting that Defendant would immediately report the debt without regard to the thirty day dispute period. *On balance, these inconsistent statements are sufficient to establish a violation of 15 U.S.C. § 1692g as a matter of law.*

Yunker, 2011 WL 13239460, at *5 (citations omitted) (emphasis added). Judge Ungaro accordingly granted summary judgment in favor of the plaintiff on her Section 1692g(b) claim. Id.

Judge Ungaro is not the only district judge to decide the issue this way. Indeed, several other district courts around the country have ruled likewise. See, e.g., Vaughn v. CSC Credit Services, Inc., No. 1:93-cv-4151, 1995 WL 51402 (N.D. Ill.) (holding that the collection notice's demand for immediate payment coupled with threat to report the debtor to the credit bureau overshadowed or contradicted statutory notice requirement); Creighton v. Emporia Credit Service, Inc., 981 F. Supp. 411, 415 (E.D. Va. 1997) (holding that the collection notice's demand for immediate payment contradicted required statutory disclosure that debtor had thirty days to dispute debt); Meselsohn v. Lerman, 485 F. Supp. 2d 215, 220 (E.D.N.Y. 2007) (holding that the collection notice's demand for payment within the thirty-day period without any explanation that the consumer maintains the right to seek validation of the debt could confuse an unsophisticated consumer); Francis v. Snyder, 389 F. Supp. 2d 1034 (N.D. Ill. 2005) (holding that collection notice's warning that the "balance will be pursued in full" if she did not call "on receipt of this [notice]," while, at the same time, granting her thirty days to challenge the validity of the debt, presented two statements that an unsophisticated consumer could reasonably find contradictory, or at least confusing)).

The Court is persuaded by Judge Ungaro's decision in Yunker and by the other district court decisions cited above. Here, Defendant's First Collection Notice indicated that Plaintiff could (if not should) "resolve [the] matter *immediately*" by contacting Defendant to make payment. (Doc. 1-1) (emphasis added). Additionally, the notice advised of (if not threatened) "additional action" if Defendant did not "receive payment *promptly*." Id. (emphasis added). Therefore, the Court finds that the First Collection Notice's request for immediate action and prompt payment, coupled with threats of legal action, overshadow and are inconsistent with the debt validation notice advising Plaintiff of her right to challenge the debt within thirty days. Because the First Collection Notice "leaves the door open to an inaccurate, but reasonable, interpretation by an unsophisticated consumer, it "is confusing and therefore violates § 1692g." Francis, 389 F. Supp. 2d 1034, 1040 (N.D. Ill. 2005) (internal quotations omitted). Accordingly, Defendant is not entitled to judgment as a matter of law on Plaintiff's Section 1692g(b) claim.

Conversely, however, having no cause to look outside the four corners of the pleadings to decide that Defendant's First Collection Notice violated Section 1692g(b), it appears that it is, in fact, *Plaintiff* who is entitled to judgment as a matter of law on her Section 1692g(b) claim. But Plaintiff has not so moved. Accordingly, the Court will direct Defendant to show cause, as detailed infra, why judgment should not be entered in Plaintiff's favor on her Section 1692g(b) claim.

**B. Plaintiff's 1692e(10) Claims**

Plaintiff alleges that Defendant violated Section 1692e(10) in two distinct respects. The Court will address each sub-claim independently.

*1. Plaintiff's Verification Period Violation claim*

Plaintiff alleges that Defendant's Second Collection Notice is misleading or may confuse the least sophisticated consumer as to his or her rights by stating that Plaintiff had an additional thirty-day period in which she could dispute the debt. (Doc. 1, at ¶¶80–85). The Court disagrees. As explained, supra, under 15 U.S.C. § 1692e(10), "[a] debt collector may not use any false representation or deceptive means to collect any debt[.]" Plaintiff argues Defendant's Collection Notices violate this section because the Second Collection Notice misrepresents the thirty-day time period to dispute the debt (*i.e.*, that it gave Plaintiff the false impression that she had more than thirty days to dispute the debt). (Doc. 23, at 9–15). Several district courts, both in this circuit and others, have rejected this same contention and granted judgment as a matter of law in favor of the defendant debt collector. See, e.g., Gesten v. Phelan Hallinan, PLC, 57 F. Supp. 3d 1381, 1386–87 (S.D. Fla. 2014) (holding debt collector did not violate Section 1692e(10) by sending debtor two identical notices containing thirty-day validation notice); Bridges v. Performant Recovery, Inc., No. 5:15-cv-38-CAR, 2015 WL 8773340, at *4 (M.D. Ga. Dec. 14, 2015) (same); Young v. G.L.A. Collection Co., Inc., No. 1:11-cv-489-WTL-MJD, 2011

WL 6016650, *3 (S.D. Ind. Dec. 1, 2011) (same) ("Receipt of the second notice, proscribing a second 30-day period for validation, does not in any way hamper the unsophisticated debtor's exercise of her rights to request validation of the debt."); Brenker v. Creditors Interchange, Inc., No. 03-cv-6500-LTS-DFE, 2004 WL 594502, *3 (S.D. NY March 25, 2004) (same) ("Since Plaintiff had properly been informed of that required validation period, a question as to whether Defendant had extended further that period is not one that would have vitiated the validity of the original notice."); see also Greig v. Backer Aboud Poliakoff & Foelster, LLP, No. 9:16-cv-81316-RLR, 2017 WL 57026, at *4 (S.D. Fla. Jan. 5, 2017) (granting the defendant's motion to dismiss with prejudice) ("It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt.") (citation omitted).

The Court has considered each of Plaintiff's arguments in opposition and is unpersuaded. Defendant's Second Collection Notice is not false or deceptive. Greig, 2017 WL 57026, at *4. Both Collection Notices provided the required statutory FDCPA disclosures and did not diminish Plaintiff's rights to dispute the debt; the Second Collection Notice "only extended the 30-day period, and there is no factual allegation [in the complaint] to suggest otherwise." Bridges, 2015 WL 8773340, at *4; see also Gesten, 57 F. Supp. 3d at 1386–87 (S.D. Fla. 2014) ("If anything, the second [notice] grants Plaintiff *additional* time to [dispute the debt]:

the difference between thirty days from Plaintiff's receipt of the second [notice] and thirty days from Plaintiff's receipt of the first.") (emphasis in original). Therefore, the Court finds that Defendant's Second Collection Notice did not violate Section 1692e(10). Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's Section 1692e(10) Verification Period Violation claim.

*2. Plaintiff's False Sense of Urgency claim*

Plaintiff further alleges that Defendant threatened legal action that it did not intend to take when it sent Plaintiff the First Collection Notice, "thereby conveying to Plaintiff a false sense of urgency" in violation of Section 1692e(10). (Doc. 1, at ¶¶86–90). This, Plaintiff alleges, is evidenced by the fact that Defendant *did not* take subsequent legal action when Plaintiff failed to remit payment after expiration of the thirty-day period, but merely sent Plaintiff the Second Collection Notice. Id. Defendant argues that, *as a matter of law*, its Collection Notices did not create a false sense of urgency. (Doc. 21, at 6–7). The Court disagrees.

"Section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive." Peter v. GC Services L.P., 310 F.3d 344, 352 (5th Cir. 2002). Whether a collection notice's threats of future legal action could convey to the "least sophisticated consumer" a false sense of urgency is a matter of fact to be decided by a jury and should not be decided by the court as a matter of law. See Jeter, 760 F.2d at 1177–

Case No.: 8:18-cv-731-EAK-SPF

78 (reversing district court's grant of summary judgment to defendant debt collector on the plaintiff's 1692e(10) claim because genuine issues of material fact existed as to whether the defendant ever intended to follow through on its initial threat of legal action against the plaintiff, where the defendant did not take any subsequent action other than to send the plaintiff a follow-up collection notice); Walsh v. Jon B. Sage, P.A., No. 05-61951-CIV, 2007 WL 9698323, at *8 (S.D. Fla. Mar. 12, 2007) (denying summary judgment to the defendant debt collector on Plaintiff's Section 1692e(10) claim where the defendant's collection notice threatened "to take all steps necessary to protect its client's interest, which . . . includ[ed] reporting [the debt] to a credit reporting agency," but the defendant never reported the plaintiff's debt to a credit reporting agency or took any further action other than to send the plaintiff a follow-up collection notice). For that reason alone, Defendant is not entitled to judgment as a matter of law on Plaintiff's Section 1692e(10) False Sense of Urgency claim.

## IV.   Conclusion

Accordingly, it is

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 21) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's Motion is **DENIED** as to Count I of Plaintiff's complaint. Additionally, Defendant is ordered to **SHOW CAUSE**, in writing **on or**

Case No.: 8:18-cv-731-EAK-SPF

**before November 9, 2018**, why judgment should not be entered in Plaintiff's favor on her Section 1692g(b) claim.

2. Defendant's Motion is **GRANTED** as to Count II of Plaintiff's complaint *to the extent that* Plaintiff's Verification Period Violation claim is **DISMISSED WITH PREJUDICE**.

3. Defendant's Motion is **DENIED** as to Count II of Plaintiff's complaint *to the extent that* Plaintiff's False Sense of Urgency claim should be put to a jury.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 26th day of October, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record