UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-00731-EAK-MAP

DESSERI MCCRAY,

     Plaintiff,

v.

DEITSCH AND WRIGHT, P.A.,

     Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Desseri McCray ("Plaintiff"), by and through undersigned counsel, hereby moves to compel discovery, overrule Defendant Deitsch and Wright, P.A.'s ("Defendant") objections, and award sanctions and fees against Defendant pursuant to Rule 37. In support thereof, Plaintiff respectfully states as follows:

**I.**     **Introduction.**

Plaintiff filed this matter as a putative class action against Defendant alleging that its form collection letters violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's motion for class certification is currently due on November 26, 2018. In early June 2018, Plaintiff propounded discovery requests onto Defendant concerning the merits of her claims as well as issues relevant to class certification. Defendant not only served materially deficient responses, it also flat-out refused to provide Plaintiff with *any* information concerning class certification.

From the onset, Defendant and its counsel have been unnecessarily obstinate and have demonstrated zero desire to meaningfully engage in the discovery process as required by the

Federal Rules of Civil Procedure. Despite undersigned counsel's several attempts to amicably address the issues raised in this motion, Defendant's counsel has been evasive, elusive, and especially contentious. Plaintiff thereby moves this Court to compel discovery, overrule Defendant's objections, and award sanctions and fees against Defendant.

## II.     Relevant background.

1.      Plaintiff filed this matter against Defendant as a putative class action on March 28, 2018 alleging that Defendant violated several sections of the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1.

2.      Pursuant to Local Rule 4.04(b), the original deadline for Plaintiff to file her motion for class certification was June 25, 2018.

3.      On June 6, 2018, counsel for the parties conferred under Rule 26(f) and developed a proposed discovery plan wherein the parties agreed to extend the motion for class certification deadline to November 1, 2018. *See* Doc. 16.

4.      On June 20, 2018, this Court issued its scheduling order but did not incorporate the parties November 1, 2018 deadline for Plaintiff's class certification motion. *See* Doc. 17.

5.      Pursuant to Local Rule 3.01(g), Plaintiff's counsel conferred with Defendant's counsel on June 22, 2018 about filing a motion to extend the class certification deadline to the parties originally agreed-upon date of November 1, 2018, to which Defendant surprisingly opposed.

6.      On June 25, 2018, Plaintiff filed her opposed motion to extend class certification to November 1, 2018. Doc. 19.

7.    Plaintiff also propounded Interrogatories, Requests for Production, and Requests for Admission (collectively, "Discovery Requests") on Defendant. A true and correct copy of the Discovery Requests are attached hereto as Exhibit A.

8.    On June 27, 2018, Defendant filed a motion for judgment on the pleadings. Doc. 21.

9.    On July 16, 2018, this Court granted in part Plaintiff motion to extend class certification to 30 days after the Court's entry of an order on Defendant motion for judgment on the pleadings. *See* Doc. 25.

10.    On July 25, 2018, Defendant served upon Plaintiff its written responses to the Discovery Requests (collectively, "Discovery Responses") and produced 64 pages of documents. A true and correct copy of Defendant's responses and objections to the Interrogatories ("Interrogatory Responses") are attached as Exhibit B. A true and correct copy of Defendant's responses and objections to the Requests for Admission ("Requests for Admission Responses") are attached as Exhibit C. A true and correct copy of Defendant's responses and objections to the Requests for Production ("Requests for Production Responses") are attached as Exhibit D.

11.    On August 17, 2018, undersigned counsel provided Defendant's counsel with a detailed Rule 37 letter (the "Rule 37 Letter") requesting that Defendant supplement its Discovery Responses by August 31, 2018. A true and correct copy of the Rule 37 Letter is attached as Exhibit E.

12.    On August 30, 2018, Defendant's counsel emailed the undersigned an entirely inadequate response to Plaintiff's Rule 37 Letter. A true and correct copy of Defendant's response to Plaintiff's Rule 37 Letter ("Rule 37 Response") is attached as Exhibit F.

13.     Defendant's Rule 37 Response either reasserted its same objections without providing any supporting authority, claimed it did not comprehend the requests, or purported it would amend or supplement answers "within 14 days from the date of this email."

14.     Pursuant to Local Rule 3.01(g), undersigned counsel conferred with Defendant's counsel on September 7, 2018 concerning the issues that will be discussed in Plaintiff's instant motion.

15.     During this conference, Defendant's counsel repeatedly stonewalled the undersigned's attempts to address class discovery issues claiming the existence of ample legal authority supporting Defendant's position that such discovery was pre-mature and improper. When the undersigned requested that Defendant's counsel provide her with the supporting authority, Defendant's counsel refused sardonically stating that she was not going to do the undersigned's job for her.

16.     Unfortunately, Defendant's counsel's actions and refusal to meaningfully participate in the discovery process leaves Plaintiff with no choice but to file the instant motion.

17.     In addition, although Defendant's Rule 37 Response promised to supplement and/or amend certain answers by September 13, 2018, Defendant has yet to do so.

## III.    Legal standard.

Rule 37 states that on notice to other parties, a party may file a motion compelling discovery that must include a certification that the movant has conferred or attempted to confer, in good faith, with the party failing to make disclosure or discovery in an effort to obtain it without court interference. *See* Fed. R. Civ. P. 37(a)(1). Under Rule 37, this Court has "has sound discretion to rule on motions to compel." *Sardis v. Home Depot U.S.A., Inc.*, No. 8:16-CV-739-T-36MAP, 2017 WL 3723618, at *1 (M.D. Fla. Apr. 19, 2017). "The proponent of a motion to compel

discovery bears the initial burden of proving that the information sought is relevant." *Tiger v. Dynamic Sports Nutrition, LLC*, No. 615CV1701ORL41TBS, 2016 WL 1408098, at *1 (M.D. Fla. Apr. 11, 2016). "The party resisting discovery has the burden to show that the requested discovery is not relevant and that the production of such discovery would be unduly burdensome." *Cerrato v. Nutribullet, LLC*, No. 8:16-CV-3077-T-24JSS, 2017 WL 3608266, at *2 (M.D. Fla. Aug. 22, 2017) (internal citations omitted).

## IV.    Argument.

Information and documents are discoverable under Rule 26 if they are "relevant to any party's claim or defense and [are] proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947).

The term "relevant" is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978). In determining whether requested discovery is proportional to the needs of the case, courts consider the following factors: "(1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *Fegadel v. Ocwen Loan Servicing, LLC*, No. 8:15-CV-2228-T-17JSS, 2016 WL 6893971, at *1 (M.D. Fla. Nov. 23, 2016) (citing Fed. R. Civ. P. 26(b)(1).

**A.      Defendant's boilerplate objections must be overruled.**

"The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all and may constitute a waiver of the discovery being sought." *Rivera v. 2K Clevelander, LLC*, 16-21437-CIV, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017) (also stating that boilerplate objections are "borderline frivolous"). "[O]bjections must be specific and supported by a detailed explanation why the interrogatory or class of interrogatories are objectionable." *U.S. v. Nysco Laboratories, Inc.*, 26 F.R.D. 159, 161 (E.D.N.Y. 1960) (emphasis added). The party resisting discovery has "to carry a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corporation*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Shropshire v. Laidlaw Transit, Inc.*, No. CIV A 06-10682, 2006 WL 6323288, at *2 (E.D. Mich. Aug. 1, 2006) ("The party who resists discovery has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.").

Here, Defendant has waived most, if not all, of its objections by failing to provide a detailed explanation for any of its objections. Instead, Defendant merely asserts the following objections in a casual copy-and-paste manner in different combinations throughout its Discovery Responses:

- Not reasonably calculated to lead to the discovery of admissible evidence; and
- Vague and ambiguous.

*See* Exhibits B-D.

The 2015 amendments to the federal rules make clear that using these types of boilerplate objections is improper. *Polycarpe v. Seterus, Inc.,* 616CV1606ORL37TBS, 2017 WL 2257571, at *3 (M.D. Fla. May 23, 2017); *see also Archer v. City of Winter Haven,* 8:16-CV-3067-T-36AAS, 2017 WL 5158142, at *2 (M.D. Fla. Nov. 7, 2017) (pointing out that the objection "not reasonably calculated to lead to the discovery of admissible evidence" is outdated as the language is a

restatement of the former Rule 26(b)(1)). Therefore, Defendant has waived any of the above objections as it fails to provide even the slightest justification in asserting said objections.

**B.     Plaintiff is entitled to discovery on the class.**

**<u>Request for Production No. 4:</u>**
A copy of the form or template upon which the October 26, 2017 letter that Defendant sent to Plaintiff was based.

**<u>Defendant's Response:</u>**
Objection. Said request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. The October 26, 2017 [sic] is already in Plaintiff's possession, custody or control.

**<u>Interrogatory No. 18:</u>**
Identify each person in Florida to whom Defendant sent written correspondence, within one year before March 27, 2018, using the same template or form that Defendant used to send the October 26, 2017 written correspondence to Plaintiff, and the date on which each such correspondence was sent.

**<u>Defendant's Response:</u>**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence and may constitute a violation of HIPPA [sic].

**<u>Interrogatory No. 19:</u>**
Identify each person in Florida to whom Defendant sent written correspondence at least twice, on subsequent dates, within one year before March 27, 2018, using the same template or form that Defendant used to send the October 26, 2017 written correspondence to Plaintiff, and the date on which each such correspondence was sent.

**<u>Defendant's Response:</u>**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence and may constitute a violation of HIPPA [sic].

**<u>Interrogatory No. 20:</u>**
Of the individuals listed in response to Interrogatory No. 19, identify each person who did not make payments between the dates on which Defendant sent written correspondence using the same template or form that Defendant used to send the October 26, 2017 written correspondence to Plaintiff.

**<u>Defendant's Response:</u>**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence and may constitute a violation of HIPPA [sic].

**Interrogatory No. 21:**
Describe the manner in which information regarding a consumer from which Defendant seeks to collect a debt is searchable or retrievable by software, hardware, computer systems, and/or other electronic or non-electronic devices, and state the fields, areas, subjects, topics, and domains by which such data is searchable or retrievable.

**Defendant's Response:**
Objection. Said request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Admission No. 19:**
Defendant has sent collection notices based on the Template to over 40 individuals in the State of Florida in the year prior to the filing of the initial complaint.

**Defendant's Response:**
Objection. Said request is vague and ambiguous as to the term "Template". Further, said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Admission No. 20:**
Defendant has sent collection notices based on the Template, at least twice, on subsequent dates, to over 40 individuals in the State of Florida in the year prior to the filing of the initial complaint.

**Defendant's Response:**
Objection. Said request is vague and ambiguous as to the term "Template". Further, said request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's class claims allege that Defendant used a form or template to send collection letters to putative class members. Thus, Plaintiff is entitled to a copy of this form as requested in Request for Production No. 4. *See* Exhibit D.

To obtain class certification, plaintiff must satisfy the requirements of Rule 23(a) and Rule 23(b). Under Rule 23(b), Plaintiff must show that the proposed classes are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Interrogatory Nos. 18-20 and Request for Admission Nos. 19-20 relate to identifying the number of putative class members.

In addition, Plaintiff must establish "ascertainability" which requires her to "propose an administratively feasible method by which class members can be identified." *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 947 (11th Cir. 2015). Interrogatory No. 21 relates to how putative class members can be identified by searching Defendant's records. Thus, Plaintiff is entitled to the information sought in the aforementioned discovery requests because they are highly relevant to class certification.

Defendant objects to Request for Admission Nos. 19 and 20 on the grounds that Plaintiff's use of the term "Template" is "vague and ambiguous." This objection lacks merit and does not justify Defendant's complete refusal to admit or deny this request. In addition, within Request for Admission No. 16, the word "Template" is identified as the tag to refer to the *form or template which the October 26, 2017 letter is based on*. The word "Template" is also used in Request for Admission No. 17. Yet, neither of Defendant's responses to these requests objected to Plaintiff's use of the term "Template" as "vague and ambiguous." Further, such an objection is only valid if the question is totally unintelligible. The word "Template" is "not uncommon, unfamiliar, unexpected, or atypical, and [Plaintiff] has not used [it] in an abnormal or unconventional way." *Polycarpe v. Seterus, Inc.*, 616CV1606ORL37TBS, 2017 WL 2257571, at *3 (M.D. Fla. May 23, 2017). In responding to Request for Production No. 4, Defendant *chooses* to ignore the common, familiar, expected, or typical meaning of the word "Template" and uses it in an abnormal and unconventional way. Obviously, the term "Template" does not refer to the actual October 26, 2017 letter Defendant sent to Plaintiff. Rather, it refers to the *form* letter that Defendant's October 26, 2017 letter, and substantially similar letters it has sent to other consumers, is *based off*.

As discussed above, Defendant's boilerplate objections must be overruled. *See supra*, § IV(A). Accordingly, Defendant must provide the requested information and documents.

**C.    Plaintiff is entitled discovery on Defendant's net worth.**

**Interrogatory No. 17:**
State the amount of Defendant's net worth and the manner in which this amount was calculated.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 16:**
Defendant's state and federal tax returns for 2015, 2016, and 2017.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 17:**
Defendant's balance sheet for 2015, 2016, and 2017.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 18:**
Prior purchase offers for Defendant.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 19:**
Valuation reports, appraisals, or other professional reports related to Defendant's assets, liabilities, finances, or net worth.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 20:**
All business records reflecting executive, officer, director, and/or principal compensation for Defendant for the years 2015, 2016, 2017, and 2018 year to date.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 21:**
All other documents related to the net worth, book value, enterprise value, or other valuation of Defendant, including any internal calculations of these figures.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant's liability in an FDCPA class action is, in part, determined by its net worth. "[T]the FDCPA permits an award of statutory damages up to $1,000 to each named plaintiff and up to the lesser of $500,000 or 1% of the violating debt collector's net worth, which is to be shared among the remaining class members." *Palmer v. Dynamic Recovery Solutions, LLC*, 2016 WL 2348704, at *7 (M.D. Fla., 2016) (citing 15 U.S.C. § 1692k(a)(2)(B)). Thus, because discovery into Defendant's net worth is relevant to the calculation of damages under the FDCPA, Plaintiff is entitled to this information. *See Kettel v. Phillips,* No. 14-81310-CIV, 2015 WL 12781036, at *3 (S.D. Fla. Nov. 20, 2015) (finding that financial discovery is permissible as it is relevant to the calculation of damages under the FDCPA).

As discussed above, Defendant's boilerplate objections must be overruled. *See supra*, § IV(A). Accordingly, Defendant must provide the requested information and documents.[1]

### D.    Defendant must describe Steven Deitsch's participation in collecting the Debt and identify each communication with Plaintiff.

**ROG No. 4:**
Identify all persons who participated in any way in Defendant's activities related to Plaintiff's account and briefly describe the extent of their participation.

**Defendant's Response:**
Stephen Deitsch, Esq.

**ROG No. 5**:

---

[1] To the extent Defendant wishes to stipulate that that one percent of its net worth exceeds $500,000, Plaintiff would be willing to withdraw these requests.

Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and Plaintiff.

**Defendant's Response:**
Stephen Deitsch, Esq.

Defendant's responses are inadequate as both merely identify "Stephen Deitsch, Esq." without more. The extent of Mr. Deitsch's participation in collecting Plaintiff's Debt and the substance of each communication he had with Plaintiff are highly relevant to Plaintiff's claim that Defendant's threats of legal action were false and served only to coax Plaintiff into paying the underlying debt. In addition, Defendant conceded that its responses were inadequate as it agreed to "supplement [these answers] as requested" and promised to supplement its responses within 14 days of August 30, 2018. Exhibit F. However, Defendant has not done so. Accordingly, Defendant must provide the requested information and documents.

**ROG No. 6:**
Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and any third party, related to Plaintiff's account.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence.

As discussed above, Defendant's boilerplate objections must be overruled. *See supra*, § IV(A). Accordingly, Defendant must provide the requested information and documents.

**E.    Plaintiff is entitled to discovery on Defendant's bona fide error defense.**

**Interrogatory No. 11:**
Does Defendant contend that it committed any error in connection with the collection of Plaintiff's account? If so, identify and describe the error or errors.

**Defendant's Response:**
Objection. Said request is vague and ambiguous with respect to the term "errors".

**Interrogatory No. 12:**
Identify and describe all policies and procedures utilized and/or employed by
Defendant in effort to avoid the error or errors described in the previous
interrogatory, if any, and describe how any such policies or procedures have been
implemented and maintained by Defendant.

**Defendant's Response:**
Objection. Said request is vague and ambiguous with respect to the term "errors".

**Request for Admission No. 14:**
Defendant made no errors in connection with the collection of Plaintiff's account.

**Defendant's Response:**
Objection. Said request is vague and ambiguous as it pertains to the terms
"errors". Defendant is at a loss as to what is being requested.

Defendant's answer asserts a *bona fide error defense* stating, "to the extent Defendant is
found to have violated any portion of the Federal Debt Collection Practices Act (which is
specifically denied), any such violation was not intentional and resulted from a bona fide *error*."
Doc. 13. (emphasis added). In order to prevail, Defendant "bears a three-part burden of showing
that its FDCPA violation (1) was not intentional; (2) was a bona fide error; and (3) occurred despite
the maintenance of procedures reasonably adapted to avoid any such error." *Owen v. I.C. Sys.,
Inc.*, 629 F.3d 1263, 1271 (11th Cir. 2011) (internal citations omitted). Thus, Plaintiff is entitled
to the information and documents sought in the aforementioned discovery requests because they
are highly relevant to Defendant's bona fide error defense.

Defendant objects to the aforementioned discovery requests on the grounds that Plaintiff's
use of the term "error" is "vague and ambiguous." This objection lacks merit and does not justify
Defendant's complete refusal to admit or deny this request. Such an objection is only valid if the
question is totally unintelligible. The word "error" is "not uncommon, unfamiliar, unexpected, or
atypical, and [Plaintiff] has not used [it] in an abnormal or unconventional way." *Polycarpe*, 2017
WL 2257571, at *3. In addition, Defendant did not raise an objection to Plaintiff's use of the term

"error" in Request for Production Nos. 13-14. Furthermore, Defendant cannot be "at a loss as to what is being requested" as it claims in Request for Admission No. 14 as it *uses* the word "error" in its answer.  Accordingly, the Court should either prohibit Defendant from asserting a bona fide error defense or compel Defendant to respond to these requests.[2]

    **F.**    **Plaintiff is entitled to discovery on Defendant's authority to collect.**

**Interrogatory No. 10:**
Identify all agreements between Defendant and the creditor originating or owning Plaintiff's account by providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account.

**Defendant's Response:**
Objection. Said Request is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 12:**
All documents memorializing or otherwise relating to the terms, conditions, and/or other agreements made by Defendant related to the collection Plaintiff's account, including but not limited to Defendant's agreement with the creditor of Plaintiff's account.

**Defendant's Response:**
Objection. Said request is not reasonably calculated to lead to the discovery of admissible evidence and violates the attorney-client privilege.

**Request for Admission No. 15:**
A written contract or agreement exists that controls, directs, or otherwise relates to Defendant's performance in connection with the collection of Plaintiff's account.

**Defendant's Response:**
Said request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff alleges that Defendant's collection letters violate § 1692e(10) by implicitly and explicitly make false threats of legal action which in turn, convey a false sense of urgency.

---

[2] Should Defendant agree to stipulate to withdrawing its bona fide error defense, Plaintiff would withdraw these requests.

Specifically, Defendant's collection letters state that it is "authorized to use any means at our disposal, within the limits of the law, necessary to collect the full balance" and that it would be "forced to take additional action to recover the subject amount." Therefore, the existence of any documents controlling Defendant's performance in collecting Plaintiff's account is highly relevant to Plaintiff's claims. Production of these documents will shed light as to the actual breadth of Defendant's authority in collecting on Plaintiff's account.  Accordingly, Defendant must provide the requested information and documents.

Defendant further objects to Request for Production No. 12 on the basis of attorney-client privilege. "The party asserting the privilege has the burden of proving the existence of the privilege." *Calhoon v. Leader Specialty Ins. Co.*, No. 206CV425FTM29SPC, 2007 WL 9718745, at *1 (M.D. Fla. July 2, 2007).   Here, Defendant has not provided Plaintiff with a privilege log to allow her to evaluate the validity of its assertions as required by Rule 26(b)(5). Accordingly, Defendant must produce a privilege log supporting its claimed privilege.

## G.  Defendant must produce all responsive documents.

### Request for Production No. 1:
Any and all "account notes" as defined above.

### Defendant's Response:
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

### Request for Production No. 2:
All documents Defendant sent to Plaintiff.

### Defendant's Response:
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

### Request for Production No. 3:
All documents Defendant received from Plaintiff.

**Defendant's Response:**
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

**Request for Production No. 9:**
All documents that contain Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

**Defendant's Response:**
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

**Request for Production No. 10:**
Any and all other documents relating to Plaintiff's account.

**Defendant's Response:**
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

**Request for Production No. 11:**
Any and all other documents relating to Defendant's activities in effort to collect Plaintiff's account.

**Defendant's Response:**
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

**Request for Production No. 13:**
All documents related to any error that Defendant made, if any, in connection with the collection of Plaintiff's account.

**Defendant's Response:**
The documents requested, to the extent they are in Defendant's possession, custody, or control, will be made available for inspection and copying at a mutually agreed upon time.

Defendant's responses are inadequate. Although Defendant has produced 64 pages of documents, none of Defendant's responses indicate or even refer to its document production leaving Plaintiff unclear as to whether Defendant is withholding responsive materials. In addition,

the parties have already agreed that such documents should be produced in PDF form: "The parties agree that ESI may be produced in PDF form." Doc. 16 at 4. Accordingly, Defendant must provide the requested information and documents.

**V.      Plaintiff is entitled to an award of attorney's fees for expenses she incurred in bringing this instant motion.**

Rule 37 provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, Plaintiff is not entitled to payment if 1) Plaintiff filed the motion without first attempting in good faith to obtain discovery without the Court's intervention; 2) Defendant's nondisclosure or objections were substantially justified; or 3) other circumstances make an award of expenses unjust. *Id*.

Here, Plaintiff is certainly entitled to an award for expenses as she made more than one good-faith attempt to obtain discovery without this Court's intervention, Defendant's nondisclosures and objections were *not* substantially justified, and no other circumstances make an award of expenses unjust. Defendant and its counsel's actions have been unnecessarily obstructive throughout the discovery process. Defendant's refusal to provide basic information concerning class certification is, on its own, ample grounds for granting sanctions and attorney's fees against Defendant.

**VI.      Conclusion.**

Defendant and its counsel have failed to adhere to this District's traditional practice of a courteous and cooperative discovery process between parties. Despite undersigned counsel's several attempts to amicably address the issues raised in this motion, Defendant's counsel has been evasive, elusive, and especially contentious. Although Defendant claimed it would supplement

*some* of its Discovery Responses, it still has not done so. Defendant's refusal to provide any information concerning class certification undermines Plaintiff's ability to support her motion for class certification which is currently due no later than November 26, 2018. Accordingly, Plaintiff requests that this Court order Defendant to produce the requested information as set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court grant her instant motion to compel, overrule all of Defendant's objections and order Defendant to produce the requested information and documents, and award Plaintiff reasonable attorney's fees incurred in bringing this instant motion.

Dated: October 30, 2018.

Respectfully submitted,

/s/ Amorette Rinkleib
Amorette Rinkleib (*pro hac vice*)
Thompson Consumer Law Group, PLLC
Attorneys for Plaintiff
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
(602) 899-9189
(866) 317-2674
arinkleib@thompsonconsumerlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT Plaintiff's Motion to Compel was filed on October 30, 2018,

by means of the Court's CM/ECF system which will send notice to counsel of record for Defendant

as follows:

> Meredith A. Chaiken
> Steven K. Platzek
> Graner Platzek & Allison, P.A.
> 720 Palmetto Park Rd.
> Boca Raton, FL 33432
> meredith@granerlaw.com
> skp@granerlaw.com

> /s/ Amorette Rinkleib
> Amorette Rinkleib

## **CERTIFICATE OF CONFERENCE**

I certify that in accordance with L.R. 3.01(g), the parties have conferred and Defendant is

OPPOSED as to the subject matter of this motion.

> /s/ Amorette Rinkleib
> Amorette Rinkleib