UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-00731-EAK-MAP

DESSERI MCCRAY,

    Plaintiff,

v.

DEITSCH AND WRIGHT, P.A.,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING ATTORNEYS' FEES**

Plaintiff Desseri McCray ("Plaintiff") respectfully requests that this Court reconsider its December 28, 2018 Order denying Plaintiff's request for attorneys' fees pursuant to Fed. R. Civ. P. 59(e). In support, Plaintiff respectfully states the following:

**I.**    **Introduction.**

Defendant Deitsch and Wright, P.A. ("Defendant") and its counsel have been recalcitrant throughout the course of discovery which forced Plaintiff to file her motion to compel discovery. Notably, the Middle District of Florida's Civil Discovery Handbook advises litigants that discovery "should be practiced with a spirit of cooperation and civility." However, it was only *after* Plaintiff filed her motion that Defendant decided it was ready to "cooperate" and supplement its deficient, evasive, or just plain nonsensical discovery responses.

At issue were 30 discovery requests. 15 were resolved upon Defendant supplementing its responses at the time it responded to Plaintiff's motion. Upon Plaintiff agreeing to withdraw one request, the remaining 14 were submitted to the Court for determination.

1

The Court found in Plaintiff's favor on 11 of the 14 remaining discovery requests. Nevertheless, it denied Plaintiff's request for attorney's fees incurred in filing her discovery motion. Because most, if not all of Defendant's nondisclosures, deficient responses, and objections *were not substantially justified*, Plaintiff respectfully asks the Court to reconsider its decision denying Plaintiff's request for attorney's fees.

## II.     Legal standard.

"A motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *S.E.C. v. Seahawk Deep Ocean Tech., Inc.*, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999) (internal quotations omitted). Courts will not amend a prior decision absent a showing of "clear and obvious error where the interests of justice demand correction." *Beeders v. Gulf Coast Collection Bureau*, No. 809CV00458T17EAJ, 2009 WL 3013502, at *1 (M.D. Fla. Sept. 16, 2009).

There are three grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Succullo v. United States*, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at *2 (M.D. Fla. Oct. 3, 2017).

## III.    The Court made a clear error in denying Plaintiff fees under Fed. R. Civ. P. 37(a)(5)(A).

Pursuant to Rule 37, where a motion to compel discovery is granted, or *the requested discovery is provided after filing*, the Court "*must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, *including attorney's fees*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *Procaps S.A. v. Patheon Inc.*, No.

12-24356-CIV, 2013 WL 6238647, at *4 (S.D. Fla. Dec. 3, 2013) ("An award is required even if the non-producing party ultimately agrees to produce discovery. That's because [Rule 37] also includes a provision for an award if 'the disclosure or requested discovery is provided after the motion was filed.'") (citing Fed. R. Civ. P. 37(a)(5)(A)). The Court is required to order this payment *unless*:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

*Id*.

First, Plaintiff did confer in good faith prior to filing the motion. Defendant's counsel promised to serve supplemented discovery responses by September 13, 2018. However, the supplemented responses were served well after that date—November 28, 2018—and only *after* Plaintiff's motion to compel discovery had already been filed. Defendant also does not dispute that Plaintiff's counsel made several good faith attempts to obtain the requested discovery without Court action. The first attempt was through detailed written correspondence wherein Plaintiff's counsel explained why Defendant's objections were meritless and why it must provide the requested discovery. The second attempt was telephonically, during which Plaintiff's counsel explained to Defendant's counsel why Defendant's initial discovery responses were deficient.

Second, Defendant itself concedes that most, if not all, of its nondisclosures, deficient responses, and objections *were not substantially justified*. For example, Defendant repeatedly— and improperly—asserted boilerplate objections throughout its initial discovery responses. Instead of standing its ground and arguing that its objections were proper, Defendant simply conceded by supplementing its responses. *See* Doc. 51 at 2 ("Defendant asserts that its Supplemental Response

have resolved whatever deficiencies, if any, existed as alleged by Plaintiff….); Doc. 51-1; Doc. 51-2; Doc. 51-3. Defendant also conceded that its initial responses to Interrogatory Nos. 4 and 5 were deficient by providing its amended response. *See* Doc. 51-3 at 2-3.

Even Defendant's objections in its supplemental responses were not substantially justified. Most of Defendant's supplemented objections to her class discovery requests were overruled. Defendant's HIPAA-based objections were meritless and any justification as even its own counsel couldn't cite to any case law finding that an individual's name, address, and phone number, without more, is "Protected Health Information." In addition, had Defendant's counsel exercised due diligence in its research concerning discovery into Defendant's net worth, it would have realized that it is well-settled that discovery into a defendant's net worth in a putative FDCPA class action is not only permissible, but highly relevant.

Finally, no other circumstances make an award of expenses unjust. The unjustified conduct of Defendant and its counsel caused unnecessary delay in the resolution of this matter. *See* Doc. 47 (extending the deadline for class certification until 45 days following the Court's ruling on Plaintiff's motion to compel). It was a clear error for the Court to deny Plaintiff the attorney's fees incurred in relation to her motion to compel discovery. Not only did Defendant provide a portion of the requested discovery *after* Plaintiff filed her motion, Defendant essentially conceded that its initial discovery responses were not substantially justified.

**IV.   Conclusion.**

While Plaintiff's counsel has done their best to encourage an open and collaborative discovery process, Defendant and its counsel has been stubborn and obstructive. Out of the 30 requests addressed in her motion to compel, Defendant supplemented or was ordered to supplement 26. Plaintiff properly conferred in good faith before filing her motion, Defendant's

nondisclosure and objections were not substantially justified, and no other circumstances make an award of expenses unjust. Thus, this Court made a clear error in denying Plaintiff's attorney's fees. Therefore, Plaintiff respectfully requests that this Court reconsider its Order denying Plaintiff attorney's fees against Defendant pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Dated: January 25, 2019.

                Respectfully submitted,

                /s/ Amorette Rinkleib
                Amorette Rinkleib (*pro hac vice*)
                Thompson Consumer Law Group, PLLC
                Attorneys for Plaintiff
                5235 E. Southern Ave. D106-618
                Mesa, AZ 85206
                (602) 899-9189
                (866) 317-2674
                arinkleib@thompsonconsumerlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT Plaintiff's Motion to Reconsider the Court's Order Denying Plaintiff Attorney's Fees was filed on January 25, 2019, by means of the Court's CM/ECF system which will send notice to counsel of record for Defendant as follows:

Steven D. Eisenband
Steven K. Platzek
Graner Platzek & Allison, P.A.
720 Palmetto Park Rd.
Boca Raton, FL 33432
sde@granerlaw.com
skp@granerlaw.com

/s/ Amorette Rinkleib
Amorette Rinkleib

## **CERTIFICATE OF CONFERENCE**

I certify that in accordance with L.R. 3.01(g), the parties have conferred and Defendant is opposed as to the subject matter of this motion.

/s/ Amorette Rinkleib
Amorette Rinkleib