UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESSERI MCCRAY, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                  Case No.: 8:18-cv-731-EAK-SPF

DEITSCH & WRIGHT, P.A.,

    Defendant.
_____

## ORDER

This is a class action[1] filed pursuant to the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 et seq. On October 26, 2017, Defendant Deitsch & Wright, P.A. ("**Deitsch**"), a Florida-based law firm, sent Lead Plaintiff Desseri McCray a collection letter in an attempt to collect on a $1,734.75 debt McCray incurred after receiving personal medical services from Excel Medical Imaging, P.L. ("**Excel**"). (Docs. 1-1, 94 at ¶¶2–3, 94-1). The letter read as follows:

---

[1] On April 18, 2019, the Court certified the following class:

    All individuals in the State of Florida to whom Defendant Deitsch & Wright, P.A. sent, between March 27, 2017, and March 27, 2018, and in an attempt to collect a debt, a collection letter based on the same template used to create the collection letter sent to Plaintiff Desseri McCray, attached as "Exhibit A" to the complaint, (Doc. 1-1).

(Doc. 88).

> Dear Desseri McCray,
>
> The following account(s) have been referred to our office for collections. We have been authorized to use any means at our disposal, within the limits of the law, necessary to collect the full balance.
>
> . . .
>
> In order to resolve this matter immediately please contact this office at **[\*\*\*-\*\*\*]-2715** to make payment. For your convenience we accept Visa, MasterCard, Checks and Money Orders.
>
> Be advised if we do not receive payment promptly we will be forced to take additional action to recover the subject amounts.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will; [sic] assume this debt is valid. If you do notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Please govern yourself accordingly,
>
> Deitsch & Wright, P.A.
> On behalf of Excel Medical Imaging, P.L.

(Doc. 1-1) (emphasis in original, redaction added). Between March 27, 2017, and March 27, 2018, Deitsch, on behalf of Excel, sent nearly identical letters to the other ninety-three class members. (Docs. 51-2 at 8, 86-2, 94 at ¶¶2–3, 94-1).

McCray sued Deitsch on behalf of herself and the class on March 27, 2018, alleging Deitsch's collection letters violated sections 1692g(b) and 1692e(10) of the

2

FDCPA. (Doc. 1). Of the claims that remain,[2] Count I of the complaint alleges that the letters' threats of "additional action" and demands for immediate resolution and prompt payment "overshadowed" the class plaintiffs' rights to dispute and request verification of the debts in violation of section 1692g(b) ("**Overshadowing claim**"). (Doc. 1 at ¶¶63–79). Count II alleges that Deitsch's threats of "additional action" were false, and that Deitsch's representation that Excel had authorized Deitsch to use any legal means necessary to collect the debts if payment was not promptly remitted conveyed a "false sense of urgency" in violation of section 1692e(10) ("**False Sense of Urgency claim**"). (Doc. 1 at ¶¶86–90).

On October 26, 2018, the Court denied Deitsch's motion for judgment on the pleadings as to McCray's False Sense of Urgency claim and determined the claim should be put to a jury. (Doc. 37). On February 11, 2019, the Court granted judgment on the pleadings in favor of McCray as to her Overshadowing claim. (Doc. 74). The Court declined to direct the entry of final judgment in McCray's favor on that claim, however, finding that just reason for delay existed. Id. (citing Fed. R. Civ. P. 54(b)). Additionally, because at that point the Court had yet to certify the putative class, the Court's order applied only to McCray individually.

---

[2] Count II of the complaint also alleges that Deitsch's representations, made in follow-up collection letters, that McCray and certain other class members had an additional thirty-day period in which they could dispute the debts were false and deceptive in violation of section 1692e(10) ("**Verification Period Violation**" claim). (Doc. 1 at ¶¶80–85). On October 26, 2018, the Court granted Deitsch's motion for judgment on the pleadings as to McCray's Verification Period Violation claim and dismissed the claim with prejudice. (Doc. 37).

3

Now, McCray moves for final summary judgment on both her Overshadowing and False Sense of Urgency claims. (Doc. 93). Specifically, with respect to her Overshadowing claim, McCray seeks summary judgment in favor of the rest of the class now that the class has been duly certified. Id. at 4–6. With respect to her False Sense of Urgency claim, notwithstanding the Court's prior determination that the claim should be put to a jury, McCray seeks summary judgment in favor of the entire class because "[d]iscovery has revealed that [Deitsch] made indisputably false representations in its letters to [McCray] and the class." Id. at 1 (emphasis in original).

For its part, Deitsch fails to address McCray's arguments with respect to her Overshadowing claim. By failing to respond, Deitsch tacitly concedes that summary judgment as to that claim is appropriate, and the Court considers that portion of the motion as unopposed. See Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-VMC-TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (Covington, J.) ("Despite being given a chance to do so, Plaintiff failed to respond, and the Court, accordingly, considers the Motion for Summary Judgment as an unopposed Motion."); Covington v. Ariz. Beverage Co., LLC, No. 1:08-cv-21894-PAS, 2009 WL 10668916, at *6 (S.D. Fla. Sept. 11, 2009) (Seitz, J.) ("Plaintiff has tacitly conceded the merits of Defendants' argument by not responding to it."); Cooper v. Medics Pharm. Corp., No. 1:09-cv-2128-MHS, 2009 WL 10699757, at *2 (N.D. Ga. Sept. 8, 2009) (Shoob, S.J.) ("Indeed, by failing to respond to defendant's motion to dismiss, plaintiff has tacitly conceded that defendant's reading of the complaint is correct."). Even so, based on its own independent review of the entirety of the record, the Court

finds that the undisputed facts establish that Deitsch is liable to each of the other ninety-three class members for violations of section 1692g(b), and that the rest of the class is therefore entitled to judgment as a matter of law on McCray's Overshadowing claim. Accordingly, McCray's motion is **GRANTED**[3] as to Count I of the complaint.[4]

With respect to McCray's False Sense of Urgency claim, Deitsch counters that, while Excel never authorized Deitsch to take further action against McCray, Excel had authorized Deitsch to take further action, on a case-by-case basis, against "other individuals indebted to Excel," and that it has, in fact, sued various insurance companies who represent "individuals indebted to Excel." (Doc. 98 at 2). This, Deitsch argues, raises a genuine factual dispute as to whether its collection letters were false or deceptive. Id. Deitsch submits the affidavit of its managing partner, Stephen Deitsch, in support. (Doc. 99-1).

The Court has carefully reviewed the entirety of the record and the relevant, binding authority on the issue. While a closer call, the Court declines to deviate from its prior determination, (Doc. 37 at 19), that McCray's False Sense of Urgency claim should be put to a jury. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1176 (11th Cir. 1985) (explaining that where the parties disagree on the proper inferences that can

---

[3] In granting summary judgment in favor of the rest of the class on Count I of the complaint, the Court incorporates by reference and for all purposes the reasoning in its prior Order, (Doc. 74), granting judgment on the pleadings in favor of McCray individually.

[4] Because, as detailed more fully herein, the Court will put McCray's False Sense of Urgency claim to a jury, the Court declines to direct the entry of final judgment in favor of the class as to Count I of the complaint at this juncture. See Fed. R. Civ. P. 54(b).

be drawn from a debt collector's letter, "[s]uch disagreement, if reasonable, is for the trier of fact, not for the court on summary judgment.") (emphasis added). Accordingly, McCray's motion is **DENIED** as to Count II of the complaint.

**ORDERED** in Chambers, in Tampa, Florida, this 17th day of October, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record