UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-00731-EAK-MAP

DESSERI MCCRAY,

    Plaintiff,

v.

DEITSCH AND WRIGHT, P.A.,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

**I.   Introduction.**

Plaintiff Desseri McCray ("Plaintiff") filed this class action lawsuit against Defendant Deitsch and Wright, P.A. ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant responded with a "scorched earth" litigation strategy. After litigating this matter for over two years, with trial just around the corner, Defendant broke down and made an offer of judgment. Plaintiff accepted, and now moves for her attorneys' fees.

Because Plaintiff prevailed in this matter, she is entitled to an award of attorney's fees. Because the fees sought are reasonable they should be awarded as requested.

**II.   Standard.**

Determining a plaintiff's entitlement to attorney fees entails a three-step process. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). First, a court asks if the plaintiff has "prevailed" in the statutory sense. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Second, the court calculates the "lodestar," which is the number of hours spent in the legal work on the case, multiplied by a reasonable market rate in the local area.

1

*See Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996). Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation. *Dillard*, 213 F.3d at 1353.

### III. Plaintiff has prevailed in this matter, therefore the plain language of both Rule 23 and the FDCPA entitles her to an award of attorney's fees and costs.

The FDCPA mandates an award of attorney's fees to successful consumer-plaintiffs to encourage private enforcement of the statute. 15 U.S.C. § 1692k(a); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 n.8 (6th Cir. 1997); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (fee shifting is mandatory under the FDCPA because Congress "chose a 'private attorney general' approach to assume enforcement of the [statute]") *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."); *French v. Corp. Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007) ("An award of attorney's fees to successful plaintiffs under the FDCPA is obligatory."); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) ("[T]he fee award under § 1692k is mandatory in all but the most unusual circumstances."); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("Given the structure of [the FDCPA], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general."); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and a reasonable attorney's fee.").

Through its inclusion of a mandatory fee-shifting provision in the FDCPA, Congress has indicated that society has a significant stake in assisting consumers who may not otherwise have the means to pursue cases like this one, and in rewarding those attorneys who assist in that pursuit.

*See Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 4560744, at *4 (N.D. Ohio Oct. 8, 2008); *Mann v. Acclaim Fin. Servs., Inc.*, 348 F. Supp. 2d 923, 927 (S.D. Ohio 2004).

As the Ninth Circuit explained:

> "Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). However, "[i]n order to encourage private enforcement of the law . . . Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee shifting' statute." *Id.* The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The FDCPA's statutory language makes an award of fees mandatory.

*Camacho*, 523 F.3d at 978.

Likewise, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h); *see Williams v. New Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2019 WL 2526717, at *7 (M.D. Fla. May 8, 2019).

**IV.    Awards of attorneys' fees under federal statutes with fee-shifting provisions are not conditioned upon and need not be proportionate to an award of money damages.**

Given the role of fee shifting provisions in encouraging enforcement actions, courts have found that awards of attorneys' fees under federal statutes with fee-shifting provisions "are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986); *see also Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir. 1991) ("We believe we made it clear that we were not departing from the recognized principle that the fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it."). That is, a rule limiting an award of attorneys' fees to an amount proportionate to the damages recovered would seriously undermine the mechanism that Congress chose to enforce the FDCPA. *See Turner v. Oxford Mgmt. Services, Inc.*, 552 F. Supp. 2d 648, 656 (S.D. Tex. 2008) ("The

3

disparity between the final award of damages and the attorneys' fees and expenses sought in this case is not unusual and is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims."); *accord Jones v. White*, No. 03-2286, 2007 WL 2427976, at *6 (S.D. Tex. Aug. 22, 2007) (awarding $265,769.15 for attorneys' fees in conjunction with $100 statutory damages award under the Americans with Disabilities Act).

Indeed, the very purpose of the statute's fee-shifting provision is to allow consumers to obtain competent counsel to pursue remedies, even for relatively small claims. And by providing the private bar with incentive to involve itself in consumer litigation like this, the federal government also has relieved itself of the costs of protecting consumers, while still ensuring that those consumers may avail themselves of their statutory rights. Thus, "[i]n order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino*, 46 F.3d at 653. In other words, paying counsel less—for example, by proportioning a fee award to the amount of damages recovered—"is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Id.*

Here, Plaintiff prevailed on her FDCPA and class claims, thus she is entitled to an award of her reasonable attorneys' fees.  15 U.S.C. § 1692k(a)(3); Fed. R. Civ. P. 23(h).

**V**.     **Plaintiff's request for $87,705.50—based on the "lodestar amount"—is reasonable.**

There exists a strong presumption that the lodestar amount represents an adequate and proper fee award.  The "lodestar amount" is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 547 (1986), *supplemented*, 483 U.S. 711 (1987). The Supreme Court explained that it has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee."  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672-73 (2010)

(characterizing the lodestar approach as the "guiding light of our fee-shifting jurisprudence" that has "achieved dominance in the federal courts," and endorsing the approach as an alternative to the *Johnson* factors that "placed unlimited discretion in trial judges and produced disparate results").

In this case, Plaintiff seeks an award of attorneys' fees in the amount of $87,705.50, for a total of 241.3 hours of attorney and paralegal time at hourly rates ranging from $135.00 per hour to $450.00 per hour. Specifically, Plaintiff's attorneys' fees are broken down as follows:

| Timekeeper | Rate | Time | Fees |
|---|---|---|---|
| Alex Weisberg | 450 | 7.8 | $3,510.00 |
| Amorette Rinkleib | 400 | 124.8 | $49,920.00 |
| Russell S. Thompson | 450 | 18.9 | $8,505.00 |
| David McDevitt | 400 | 51.5 | $20,600.00 |
| Courtney Moran | 135 | 2.4 | $324.00 |
| Trey Zandarski | 135 | 21.1 | $2,848.50 |
| Joel Wresh | 135 | 3.5 | $472.50 |
| Tremain Davis | 135 | 8.1 | $1,093.50 |
| Zac Landis | 135 | 3.2 | $432.00 |
| **Total** | | **241.3** | **$87,705.50** |

The basis for each rate is discussed below and further supported by the declaration of Russell S. Thompson IV, attached hereto as Exhibit A. The requested hours are supported by Plaintiff's Task-Based Itemized Statement of Fees, (attached as Exhibit B), which contains the dates, times, and descriptions of the services rendered by each individual.

  A. **Plaintiff's counsel's requested billing rates are reasonable.**

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiff's counsel's billing rates are consistent with those found reasonable in FDCPA class action cases heard in the Middle District of Florida. *See Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043ORL40TBS, 2019 WL 2223773, at *4 (M.D. Fla. May 23, 2019) (finding fees at a rate of $450 per hour reasonable in FDCPA class action);*Williams*

5

*v. New Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2019 WL 2526717, at *8 (M.D. Fla. May 8, 2019) (finding rates of $500 per hour reasonable in FDCPA class action); *Rigney v. Livingston Fin., LLC*, No. 612CV617ORL37TBS, 2014 WL 12625790, at *9 (M.D. Fla. Mar. 6, 2014), *report and recommendation adopted,* No. 612CV617ORL37TBS, 2014 WL 12633494 (M.D. Fla. Mar. 13, 2014) (finding fees based on hourly ranges from $350 to $450 to be reasonable in FDCPA class action).

Additionally, courts around the country have found Plaintiff's counsel's own billing rates reasonable. *See Bea-Mone v. Silverstein*, No. 817CV00550JLSDFM, 2019 WL 762676, at *4 (C.D. Cal. Feb. 20, 2019) (finding billing rates of $400 for Thompson, $350 for Rinkleib, $350 for Gill and $135 for paralegals reasonable in individual FDCPA action); *Boseman v. Prestige Auto Sales, Inc.*, No. 3:16-CV-0728, 2018 WL 1697785, at *2 (M.D. Tenn. Apr. 6, 2018) (finding billing rates of $400 for Thompson, $350 for Gill, and $135 for paralegals reasonable, and finding counsel's billing practices to be reasonable in individual action); *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-00362-PHX-DLR, 2017 WL 10185526, at *2 (D. Ariz. July 20, 2017) (finding plaintiff's counsel's billing rates and hours reasonable); *Hicks v. GTC Auto Sales, Inc.*, No. 4:16-CV-00011-O, 2016 WL 11480194, at *3 (N.D. Tex. June 9, 2016) (finding hourly rates of $400 for Thompson, $350 for Gill, and $250 for a junior associate to be reasonable in individual consumer law case).

Additionally, the US Consumer Law Attorney Fee Survey, published by Ronald Burdge, shows the billing rates Plaintiff seeks are reasonable. *See* Exhibit C. This Survey is "the only national survey of Consumer Law practitioners in the United States and is the only Consumer Law survey whose methodologies have been independently peer reviewed and is supported by the National Association of Legal Fee Analysis, a non-profit professional national association of

attorney fee experts in the field of legal fee analysis." *Id.* at 21. The survey breaks down, in detail, consumer law billing rates by geography and specific practice area. According to the survey, consumer law attorneys in the Tampa-St. Petersburg area bill from $288 to $675, with a median rate of $350 per hour. *Id.* at 262.

More specifically, consumer law attorneys in the Tampa-St. Petersburg area, handling class action consumer law cases, bill at a median rate of $400 per hour. *Id.* Plaintiff's counsel's billing rates are comfortably within the range reported in the Burdge survey. Thus, Plaintiff's counsel's billing rates are reasonable.

### B. No downward adjustment to the loadstar is justified.

Courts may consider several factors to determine the basic lodestar fee and whether to make adjustments to it. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, n.4 (1983). The factors used in adjusting the lodestar are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Bivins v. Wrap It Up, Inc.*, 380 F. App'x 888, 890 (11th Cir. 2010).

On balance, these factors weigh in favor of awarding the fees that Plaintiff has requested.

#### 1. The time and labor required in the given case.

"Reasonable hours" are those "reasonably necessary to perform the legal services for which compensation is sought." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478

U.S. 546, 553, 106 S. Ct. 3088, 3092, 92 L. Ed. 2d 439 (1986), *supplemented,* 483 U.S. 711, 107 S. Ct. 3078, 97 L. Ed. 2d 585 (1987); *see also Hughes v. Repko*, 578 F.2d 483, 487 (3d Cir. 1978).

To date, Plaintiff's counsel spent 270.4 hours litigating this matter. Plaintiff has exercised billing discretion and waived 29.1 hours (10.7% of the total time incurred), and only seeks to recover fees for 241.3 hours. Plaintiff's attorney, Russell Thompson IV, attests that the time counsel spent litigating Plaintiff's claims was necessary and reasonable. *See* Exhibit A. "It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Mesa Petroleum Company v. Coniglio*, 629 F.2d 1022, 1030 (5th. Cir. 1980)). "A federal district court may fix attorneys' fees on the basis of affidavits and may even do so on its own experience without any testimony." *Resolution Trust Corp. v. Tassos*, 764 F. Supp. 442, 443 (S.D. Tex. 1990). Moreover, Plaintiff's Task-Based Itemized Statement of Fees makes clear that the time Plaintiff's counsel billed was reasonable. *See* Exhibit B.

Additionally, Plaintiff is entitled to her attorney's fees incurred in drafting this petition. Fees are recoverable where the prevailing party is forced to incur time and effort litigating its petition for attorneys' fees. *See Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1250 (7th Cir. 1982), *aff'd*, 465 U.S. 752, 104 S. Ct. 1464, 79 L. Ed. 2d 775 (1984) ("time spent litigating the question of fees is compensable."); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978) ("If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours will be correspondingly decreased."); *Burchett v. Bower*, 470 F. Supp. 1170, 1173 (D. Ariz. 1979) ("[T]ime spent preparing and litigating the fees petition should be compensated accordingly.").

Here, Plaintiff's counsel, Mr. Gill incurred 3.4 hours preparing Plaintiff's fee petition, and bills at a rate of $400 per hour, and Mr. Thompson spent .3 hours at a rate of $450 per hour reviewing and approving his declaration in this matter, Ms. Rinkleib spent .5 hours at a rate of $400 per hour reviewing and approving this motion.  *See* Exhibit A at ¶ 40.  Thus, Plaintiff should recover $1,695.00 in fees for preparing this petition.

> **2.   The novelty and difficulty of the questions presented, the skill required to perform the legal service properly, and the experience, reputation, and ability of the attorneys.**

These factors weigh heavily in favor of awarding the fees requested.  Plaintiff's claim in this matter was difficult, and Defendant fought the claim every step of the way. As a result, the parties have been litigating this matter for over two years. Plaintiff pursued this matter a class action. Class actions are, by their very nature, complex and troublesome matters. Nonetheless, counsel's expertise in handling class action litigation allowed the class to be certified (*see* Doc. 88) and for the matter to be resolved on an offer of judgment. Plaintiff's counsel have years of experience prosecuting consumer law cases in both the individual and class context.[1]  Their unique prospective, experience, and imaginative advocacy made the outstanding result obtained here possible.

> **3.   The preclusion of employment by the attorney due to acceptance of the case, time limitations imposed by the client or the circumstances, and the "undesirability" of the case.**

These factors do not weight heavily for or against Plaintiff's request for attorney's fees.

> **4.   The customary fee and awards in similar cases.**

Because Plaintiff's attorneys' hourly rates are reasonable, and in line with awards in similar cases, these factors weigh heavily in favor of granting the fees requested.

---

[1] The declaration of Russell Thompson IV lays out in detail the pedigree of each of the attorneys that worked on this matter.  *See* Exhibit A at 4-8.

### 5. Whether the fee is fixed or contingent.

This factor weighs in favor of granting the fees requested. Plaintiff and her counsel have a hybrid contingency fee arrangement, whereby Plaintiff is contractually bound to pay attorneys' fees, at hourly rates, if she prevails on her claim, but fees are waived if she does not prevail. Plaintiff has prevailed on her claim, thus the contract calls for Plaintiff's attorneys to be paid.

### 6. The amount involved and the results obtained.

This factor weighs in favor of granting the attorneys' fees requested. Here, Plaintiff obtained the maximum statutory damages recoverable, all without having to expend Plaintiff's or this Court's time conducting a trial. *See* Doc. 138. No greater recovery could have been obtained in this case.

### 7. The nature and length of the professional relationship with the client.

This factor weighs in favor of the fees Plaintiff has requested. Counsel has no close, non-professional relationship with Plaintiff, thus there is no special "friend" rate expected or operable in this case.

## VI. Plaintiff is entitled to costs in the amount of $2,799.62.

The FDCPA also allows Plaintiff to recover her costs in this action. *See* 15 U.S.C. § 1692k(a)(3). At this time, Plaintiff seeks costs in the amount of $2,799.62. *See* summary of costs incurred attached hereto as Exhibit D. These costs were reasonable and necessary to the prosecution of this matter. *See* Exhibit A at ¶¶ 39-40.

## VII. Conclusion

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, Plaintiff obtained the maximum amount of statutory damages available and then some. Therefore, her attorneys are

entitled to a fully compensatory fee.  Plaintiff respectfully requests that this Court grant Plaintiff attorney's fees in the amount of $89,400.50 and costs in the amount of $2,799.62.[2]

Dated: June 15, 2020.

Respectfully submitted,

/s/ Amorette Rinkleib
Amorette Rinkleib (*pro hac vice*)
Thompson Consumer Law Group, PC
Attorneys for Plaintiff
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
(602) 899-9189
(866) 317-2674
arinkleib@thompsonconsumerlaw.com

---

[2] Given that additional fees and costs will be incurred in this matter as the parties seek to consummate the class settlement, Plaintiff will submit a supplemental motion for fees and costs after class notices are sent out, but before the final fairness hearing is conducted. Plaintiff will supplement again following the final fairness hearing.

11

## CERTIFICATE OF CONFERENCE

I certify that in accordance with L.R. 3.01(g), the parties have conferred and are unable to agree on the resolution of this motion.

/s/ Amorette Rinkleib
Amorette Rinkleib

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT Plaintiff's Motion to Continue Trial was filed on June 15, 2020, by means of the Court's CM/ECF system which will send notice to counsel of record for Defendant as follows:

Stephen D. Deitsch
Deitsch and Deitsch, PLLC
420 S. State Rd., Ste 114
Royal Palm Beach, FL 33414
service@deitschlaw.com
steve.deitsch@deitschlaw.com

/s/ Amorette Rinkleib
Amorette Rinkleib
