**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:18-cv-00731-EAK-MAP

DESSERI MCCRAY,

    Plaintiff,

v.

DEITSCH AND WRIGHT, P.A.,

    Defendant.

_____/

I, Russell S. Thompson IV, hereby declare the following:

1.    I am the principal of the Thompson Consumer Law Group, PC ("TCLG"), which represents Plaintiff Desseri McCray ("Plaintiff") in this action against Defendant, Deitch and Wright, P.A. ("Defendant").

2.    I have knowledge of the facts of this case, TCLG's representation of Plaintiff and the Class, Weisberg Consumer Law Group, PA's ("WCLG") representation of Plaintiff and the Class, and I submit this declaration based on my personal knowledge thereof.

3.    As the firm's principal, I have knowledge of the regular business practices of TCLG.

4.    TCLG regularly co-counsels with WCLG on consumer protection cases and TCLG worked, and will continue to work, closely with WCLG and its firm's principal, Alex Weisberg, on this matter.

5.    In co-counseling on this matter, our firms maintain a joint policy whereby each person who works on a file enters their time spent with a brief, but reasonably detailed, description

1

of the task performed into the firms' computer database in the ordinary course of business, contemporaneously with the task being performed.

6. Each time entry included in Plaintiff's Task-Based Itemized Statement of Attorney's Fees, truly and accurately represents hours worked and tasks performed in this file by each time keeper. However, I have excluded from this statement work performed by several attorneys and paralegals, as I recognize that these tasks may be deemed redundant or administrative. Additional entries were included in the statement but have also been waived as indicated.

7. I have reviewed and approved the time incurred by each individual, and find that the time was reasonable and necessary under the circumstances.

8. In particular, I personally exercised billing judgment in the handling of this representation, and I expect and require that all of TCLG's employees and co-counsel do the same. That is, I have personal knowledge of numerous instances where this representation occupied my time and the time of TCLG and WCLG employees that are not reflected in the statement, because our firms does not bill a tenth of an hour every time a case file is handled. Further, I expect and require TCLG employees work expeditiously and refrain from spending unreasonable amounts of time on case-related tasks.

9. A Task-Based Itemized Statement of Fees is attached to Plaintiff's motion for attorneys' fees as Exhibit B.

10. Plaintiff signed an attorney-client agreement with TCLG and WCLG in connection with our representation in this matter.

11. Clients are required to review and provide their written agreements for the hourly rate schedule contained therein, and our firms will not pursue an action on behalf of any consumer

without such authorization. To date, Plaintiff has not made any payments to our firms pursuant to our agreement to handle the instant matter. The billing rates sought in this matter reflect the rates customarily obtained in such actions in federal district courts around the country, by our firms as well as others.

12. As explained further herein, the hourly rate schedule is reasonable and appropriate for the experience and competence of the attorneys for whom they are sought. In particular, they are reasonable in this matter, a class action arising under the Fair Debt Collection Practices Act.

13. I obtained my J.D. from the Sandra Day O'Connor College of Law at Arizona State University in 2011. In 2010, I began working at a consumer law firm, Weisberg & Meyers, LLC, as a law clerk and continued working there after graduating and becoming licensed to practice law in Arizona. At that firm, I began focusing my practice primarily on consumer rights litigation, including claims under the Fair Debt Collection Practices Act. After leaving the firm in December 2012, in July 2013, I re-joined Weisberg & Meyers, LLC as a managing attorney. In February 2014, I left that firm and founded TCLG. I have been licensed to practice law since January 17, 2012. I have represented consumers before this Court, the state courts of Arizona and California, numerous other federal courts, and in the Fifth, Ninth, and Tenth Circuit Courts of Appeals. I have also represented individuals in immigration matters before the United States Immigration Courts, the Board of Immigration Appeals, and briefed such matters before the Ninth Circuit Court of Appeals.

14. I am admitted to practice in the states of Arizona and California, the United States District Courts for the District of Arizona, the Eastern and Western Districts of Arkansas, the Central, Eastern, Northern, and Southern Districts of California, the District of Colorado, the Northern District of Florida, the Northern, Central, and Southern Districts of Illinois, the Northern

and Southern Districts of Indiana, the Western District of Michigan, the District of Nebraska, the District of North Dakota, the District of New Mexico, the Northern and Western Districts of New York, the Eastern and Western Districts of Oklahoma, the Western District of Tennessee, the Northern, Southern, Eastern and Western Districts of Texas, and the Eastern and Western Districts of Wisconsin, and the United States Courts of Appeals for the Fifth, Ninth, and Tenth Circuits.

15. I have extensive experience litigating claims under consumer protection statutes such as the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, the Electronic Fund Transfer Act, the Truth in Lending Act, and the Fair Credit Reporting Act. *See Kimble v. W. Ray Jamieson, P.C.*, No. 2:17-CV-02187SHMTMP, 2018 WL 814225, at *5 (W.D. Tenn. Feb. 9, 2018) (listing Mr. Thompson as counsel of record in opinion granting partial judgment on the pleadings for failing to alert consumer that disputes under § 1692g(a)(4) must be made "in writing"); *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259, at *3 (D. Ariz. Oct. 27, 2017) (counsel of record in opinion granting summary judgment in favor of the plaintiff on § 1692g(a)(2) claim); *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 437541, at *6 (D. Ariz. Feb. 3, 2015) (granting summary judgment in favor of the plaintiff on § 1692e(10) claim over the defendant's assertion of a bona fide error defense); *Lombardi v. Columbia Recovery Grp., LLC*, No. C12-1250 RSM, 2013 WL 5569465, at *3 (W.D. Wash. Oct. 9, 2013) (counsel of record in an opinion granting summary judgment to the plaintiff on § 1692g claims); *Bea-Mone v. Silverstein*, No. 817CV00550JLSDFM, 2019 WL 762676, at *4 (C.D. Cal. Feb. 20, 2019) (awarding attorney's fees in FDCPA action at the full lodestar amount – $91,242.50).

16. I have also been certified as class counsel in multiple cases under these statutes. *See Holzman v. Malcolm S. Gerald & Associates, Inc.*, No. 9:16-cv-80643 (S.D. Fla. Mar. 23, 2020)

(substituting Mr. Thompson and Mr. Meyers as class counsel in FDCPA class action related to failure to disclose that debt is past statute of limitations); *Stewart v. Florida Community Law Group, P.L.*, No. 6:18-cv-02111 (Dec. 30, 2019) (granting final approval of class settlement under FDCPA and confirming appointment of Mr. Thompson as class counsel); *Maloy v. Stucky, Lauer & Young LLP*, No. 1:17-CV-336-TLS, 2018 WL 6444916 (N.D. Ind. Aug. 15, 2018) (substituting Mr. Thompson as class counsel in FDCPA suit and finding that "Attorney Thompson also has years of experience litigating the type of claims and defenses at issue in this case."); *Ogletree v. Café Valley Inc.*, No. 2:16-cv-03881-JJT, 2018 WL 4179060 (D. Ariz. Apr. 13, 2018) (granting fees in FCRA case where Mr. Thompson acted as class counsel); *Jordan v. Freedom National Insurance Services Incorporated*, No. 2:16-CV-00362-DLR, 2017 WL 10185526 (D. Ariz. July 20, 2017) (granting final approval of a class action settlement under the EFTA and appointing Mr. Thompson as class counsel); *see also Akins v. Seidberg Law Offices PC*, No. CV-18-00954-PHX-DJH, 2019 WL 2395554, at *1 (D. Ariz. June 6, 2019) (awarding fees to Mr. Thompson as class counsel) ; *Dove v. Moody, Jones, Ingino & Morehead, P.A.*, 3:15-cv-00251, (M.D. Fla. Apr. 8, 2016) (granting final approval of class settlement and certifying Mr. Thompson as class counsel).

17. As the principal of TCLG, the reasonable hourly rate for my services in this matter is $450.

18. Alex Weisberg is the founding partner and managing attorney of the Weisberg Consumer Law Group, PA. He obtained his J.D. from John Marshal Law School in 2000, and he has been licensed to practice law in Florida since 2002.

19. Mr. Weisberg has been practicing consumer protection litigation exclusively since November of 2000. He has participated in hundreds of consumer arbitration hearings and have tried to jury verdict dozens of consumer protection cases in Florida, Illinois, Texas, New Mexico,

Colorado and Washington. He has also prevailed on appeal in Florida on such landmark issues as ensuring lessees of vehicles have federal breach of warranty rights throughout the State of Florida, ensuring consumers successful in Lemon Law arbitrations still have the right to pursue other legal damages in a court of law, and preventing automobile manufacturers from denying consumers their day in court by through adhesive arbitration agreements.

20.     Mr. Weisberg is admitted to practice in the states of Florida and Illinois as well as the United States District Courts for the Northern and Southern Districts of Illinois, the Southern, Middle, and Northern Districts of Florida, the Western District of Oklahoma, the District of Colorado, and the United States Courts of Appeals for the Seventh and Eleventh Circuits.

21.     As the managing attorney of the Weisberg Consumer Law Group, PA, the reasonable hourly rate for Mr. Weisberg's services in this matter is $450.

22.     David McDevitt is a former attorney at TCLG. He received his J.D., cum laude, from the Sandra Day O'Connor College of Law at Arizona State University in 2013. From May 2012 to October 2014, he worked at Weisberg & Meyers, LLC, first as a law clerk and then as an associate. In October 2014, he joined TCLG. He has been licensed to practice law since November 18, 2013. Considering his time in practice, he has significant appellate experience, having successfully handled appeals before the Second, Fifth, and Ninth Circuits involving consumer protection matters, including the Fair Debt Collection Practices Act. He has also obtained favorable jury verdicts as lead counsel in the District of Colorado and the Southern District of Texas, in actions brought under the Fair Debt Collection Practices Act and Truth in Lending Act, respectively. He was appointed as class counsel in *Ogletree v. Cafe Valley Inc.*, Case No. CV-16-03881-PHX-JJT, in the District of Arizona. In addition, he was appointed as class counsel and acted as lead attorney in *Dove v. Moody, Jones, Ingino & Morehead, P.A.*, Case No. 3:15-cv-

00251, in the Middle District of Florida. He has also served as the lead attorney in *Jordan v. Freedom National Insurance Services, Inc*., Case No. 2:16-cv-00362-DLR, in the District of Arizona, a case in which a class was certified on a contested basis.

23. The reasonable hourly rate for Mr. McDevitt's services in this matter is $400.

24. Amorette Rinkleib is an associate at TCLG. Ms. Rinkleib received her J.D. from Arizona Summit Law School in December of 2013. Prior to becoming licensed, Ms. Rinkleib worked as a paralegal for a large bankruptcy law firm, Oswalt Law Group, P.C. In February of 2015, Ms. Rinkleib left Oswalt Law Group, P.C. to work under contract as an e-discovery attorney for TransPerfect Legal Solutions providing early data assessment on a large-scale projects commissioned by the U.S. Securities and Exchange Commission. After completing her final project with TransPerfect in April of 2015, Ms. Rinkleib joined Ryley Carlock & Applewhite's eDiscovery division as a staff attorney. There, she was part of a hand-picked team that worked on a highly-complex litigation project involving credit default swaps and violations of federal antitrust laws. In September 2015, she joined TCLG. Since then she has worked in private practice exclusively representing consumers in federal and state litigation, including claims under the Truth in Lending Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Magnuson-Moss Warranty Act, and the Telephone Consumer Protection Act. She was appointed as class counsel and acted as lead attorney in this matter.

25. Ms. Rinkleib is licensed to practice in the state of Washington as well as the United States District Courts for the Eastern and Western Districts of Washington, the District of Colorado, the Eastern District of Michigan, the District of New Mexico, and the District of North Dakota.

26. Given the depth and breadth of her knowledge and experience and her skill level, the reasonable hourly rate for Ms. Rinkleib's services in this matter is $400.

27. Jose Gill is an associate at TCLG. Mr. Gill received his J.D. from the Sandra Day O'Connor College of Law at Arizona State University in 2010. Mr. Gill began working at Weisberg & Meyers, LLC, in August 2011, focusing on violations of the Truth in Lending Act, the Electronic Fund Transfer Act, and other consumer protection statutes. In 2013, Mr. Gill left Weisberg & Meyers, LLC to work as a staff attorney for the Arizona Registrar of Contractors. In June 2015, he joined TCLG. Mr. Gill has represented consumers in federal and state litigation, including claims under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, among other federal consumer protection statutes.

28. Mr. Gill is admitted to practice in Arizona, and the United States District Courts for the District of Arizona, the Eastern and Western Districts of Arkansas, the District of Colorado, The Eastern District of Michigan, the Western District of Tennessee, the Southern, Eastern, and Western Districts of Texas, the Eastern District of Wisconsin, and the United States Courts of Appeals for the Eighth and Eleventh Circuits.

29. The reasonable hourly rate for Mr. Gill's services in this matter is $400.

30. Courtney Moran is a former law clerk and junior associate with the Thompson Consumer Law Group. The reasonable hourly rate for her services in this matter is $135.

31. Trey Zandarski is a former law clerk with the Thompson Consumer Law Group. The reasonable hourly rate for his services in this matter is $135.

32. Tremain Davis is the former lead paralegal at Thompson Consumer Law Group, PC. Mr. Davis joined the TCLG in October 2014 as the firm's lead paralegal. Prior to joining the firm, Mr. Davis joined Weisberg & Meyers, LLC in September 2008 and continued working there

until joining my firm. Prior to joining Weisberg & Meyers, LLC, Mr. Davis worked for another large consumer rights law firm, Krohn and Moss, for three years.  Mr. Davis left TCLG on July 31, 2018.

33. The reasonable hourly rate for Mr. Davis' services in this matter is $135.

34. Zac Landis is also a former lead paralegal at TCLG.  In 2011, Mr. Landis obtained his Bachelor's Degree in Asian Languages, specifically Japanese, and a certificate in International Studies from the College of Liberal Arts and Sciences at Arizona State University. From July 2012 to July 2015, he lived in Konan, Kochi, Japan working for the Council of Local Authorities for International Relations as an Assistant Language Teacher in the JET Program. In Japan, he also did work as a translator, interpreter, and group leader for local companies, including the Konan City Board of Education, the Konan City tax office, the Marine Sports Club of Konan, and the Kochi Prefectural Youth Center. In January 2016, Mr. Landis began working at TCLG as a paralegal.  Mr. Landis left TCLG on February 7, 2019.

35. The reasonable hourly rate for Mr. Landis' services in this matter is $135.

36. Joel Wresh is the current lead paralegal at Thompson Consumer Law Group, PC. In 2015, Mr. Wresh obtained his Bachelors of Science in Public Management & Policy from the University of Arizona.  In February 2019, Mr. Wresh began working at Thompson Consumer Law Group, PC as a paralegal.

37. The reasonable hourly rate for Mr. Wresh services in this matter is $135.

38. Plaintiff obtained the representation of her counsel on a contingency basis pursuant to the fee-shifting provision of the Fair Debt Collection Practices Act.

39. In prosecuting this matter, Plaintiff incurred costs in the amount of $2,799.62. These costs were attributed to filing fees, service of process, class administration expenses, and

9

other litigation expenses, as well as travel expenses related to the parties' mediation. These costs were reasonable and necessary to the prosecution of this case. A breakdown of the costs incurred is attached to Plaintiff's motion for attorney's fees as Exhibit D.

40. The line item on the Costs break down for "Class administration fees" is comprised of the following: (1) Class action website fees in the amount of $206.14, (2) $75.00 for queries to a National Change of Address directory for mailing the prior class notice.

41. In preparing Plaintiff's motion for attorney's fees, Mr. Gill incurred 3.4 hours preparing Plaintiff's fee petition, and bills at a rate of $400 per hour, and I spent .3 hours at a rate of $450 per hour reviewing and approving this declaration, and Ms. Rinkleib spent .5 hours at a rate of $400 per hour reviewing and approving this motion.

42. I certify and declare under penalty of perjury that the foregoing is true and correct.

Dated: June 15, 2020.

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson IV