UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-00731-EAK-MAP

DESSERI MCCRAY,

    Plaintiff,

v.

DEITSCH AND WRIGHT, P.A.,

    Defendant.
_____/

## DEFENDANT, DEITSCH AND WRIGHT, PA.'S, RESPONSE TO PLAINTIFF'S MOTION FOR FEES

I.   Introduction

On March 2, 2018 Plaintiff, Desseri McCray, initiated this suit against Deitsch and Wright, P.A. over alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Despite Defendant's attempts to resolve the disputed issues as early as October of 2019, Plaintiff unreasonably refused, to settle. Plaintiff continued to litigate this matter for approximately 8 additional months, before finally agreeing to settle on terms it initially rejected. Plaintiff is now seeking prevailing party fees, however the amounts sought are facially unreasonable in amount. Further Plaintiff's motion is supported by a deficient affidavit which does not provide adequate information for Defendant to provide a response. Defendant implores this Court to deny that portion of the fee, which is facially unreasonable, and to grant an order allowing discovery as related to Plaintiff's fee claims.

**1. The Plaintiffs' attorneys request for Attorneys' fees is not reasonable.**

The Plaintiffs' attorneys must prove any fees they request are reasonable. *See Henlsey v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, unnecessary, unproductive, or unrelated to the successful claims must be reduced or eliminated. *Hensley*, 461 U.S. at 437. Hours not properly billed to one's client are also not properly billed to one's adversary. *See Copeland v. Marshall*, 641 F.2d 880, 891 (B.C. Cir. 1980). In this matter Plaintiff has endeavored to bill Defendant for work that is facially unreasonable, and solely the product of Plaintiff's unwarranted actions.

The Plaintiffs' seek attorneys' fees for a total of 270.4 hours and bear the burden of establishing reasonableness. *See*

*Hensley*, 461 at 433. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). However, a portion of those hours were unnecessary, unproductive, and solely the product of Plaintiff's Counsel unwarranted refusal to draft an amicable judgment of settlement pursuant to the essential terms first discussed in November of 2019. *See Affidavit of Stephen Deitsch attached hereto as Exhibit 1.*

Defendant and Plaintiff entered preliminary settlement negotiations in October of 2019. *See Affidavit of Stephen Deitsch attached hereto as Exhibit 1*. Defendant proposed the parties settle the subject claim with a judgment for $10,000.00 and reasonable attorneys' fees. On January 13, 2020, Plaintiff's counsel drafted the preliminary settlement agreement contradictory to the terms relied upon by Defendant. Plaintiff's counsel further rejected Defendant's proposal for settlement in January of 2020, insisting and presenting a settlement agreement which required Defendant to make a payment for damages within 14 days of execution. Defendant informed Plaintiff that it was unwilling to enter into an agreement imposing an affirmative duty on Defendant, and that Defendant would only agree to a judgment for the agreed upon amount. Through Defendant's counsel, Plaintiff advised Defendant it would be impossible for the class representative to agree to a money judgment in a class-action case, and that to resolve this matter, Defendant would need to agree to make a payment to the class within a specified amount of time. Settlement could not be reached at that time and litigation of the matter continued.

From January 2020 through May 2020 Plaintiff, through counsel, continued to litigate this matter, without any further success. Plaintiff filed motions to Enforce Settlement, Amend Caption, and for Leave to Supplement its Pleading. The court denied the first two motions, and the third was rendered moot by the settlement of this claim. Finally, on May 14th, 2020 Plaintiff reached out to resolve this claim. The offer made by Plaintiff was near identical to the one it previously rejected by Plaintiff, except in that it provided the Named Plaintiff $500.00 fewer than the earlier agreement. Plaintiff proposed the parties resolve the matter with a $10,000.00 judgment against Defendant Corporation as an award for the class, $1000.00 to the Named Plaintiff, and an award of Prevailing Party Attorneys' fees. There was no mention of extending liability beyond the corporate defendant, and no requirement that Defendant affirmatively agree to pay.

All of the work performed by Plaintiff between January and May of 2020 was unnecessary and provided no benefit to Plaintiff. Plaintiff rejected Defendant's offer, worked fruitlessly for five months, and then offered Defendant the same offer it previously rejected. The only product of Plaintiff's unreasonable refusal was that Plaintiff perpetuated a drastic increase in the hours worked by counsel on both sides. The final agreement was in fact unfavorable for the Plaintiff, as the named Plaintiff received $500.00 less than she would have received under the previous agreement. Plaintiff's counsel's fees attributable to drafting motions that were either denied (Motion to Enforce Settlement, Motion to Amend) or never heard (Motion for Leave to file Supplemental Pleadings), as well as any fees for any pre-trial or trial attendance or preparation, are

solely the product of Plaintiff's unreasonable refusal of accept the earlier settlement offers. To award Plaintiff fees for unnecessary labor would be an unjust result and in violation of established principles of law requiring Defendant to pay only for reasonable fees incurred.

## II. Defendant should be allowed to conduct discovery on the Proposed Fees

Defendant should be allowed to conduct discovery into the fees claimed by Plaintiff as Defendant is without adequate information to fairly rebut the claims in Plaintiff's Motion and its supporting documents. While there is mention of a fee agreement in the affidavit supporting Plaintiff's Motion, no fee agreement is attached. Similarly, while there is mention of different attorneys and firms, there is no explanation of the relationship between the lawyers. Also, it is unclear the relationship between the attorneys and how they are being compensated. For example, there is no indication that Atty. Weisman is far of the Thomson Consumer Law Group, or how affiant Thomson came by the knowledge about atty Weissman's educational or employment background.

Accordingly Defendant requests this Court issue a discovery schedule permitting Defendants at least ninety (90) days in order to conduct discovery relating to McCray's Motion for Attorneys' Fees including discovery related to the contract between the Attorney and clients as well as between the various attorney for Plaintiff.

Respectfully submitted,

**DEITSCH & DEITSCH, PLLC.**
Attorneys for Plaintiff
420 South State Road 7, Suite 114
Royal Palm Beach FL 33414
Service@deitschlaw.com
Tel: (561) 453-0677
*/s/ Stephen D. Deitsch, Esq.*
Stephen D. Deitsch, Esq.
FBN: 0463692