UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESSERI MCCRAY, on behalf
of herself and all others similarly
situated,

    Plaintiff,

v.                                           CASE NO. 8:18-cv-731-T-02SPF

DIETSCH AND WRIGHT, P.A.,

    Defendant.
_____/

## ORDER ON ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff's motion for attorneys' fees and costs (Dkt. 145), Defendant's response (Dkt. 146), Plaintiff's reply (Dkt.153), and Plaintiff's supplement to motion (Dkt. 157). Plaintiff accepted an offer of judgment of $10,000 for the class and $1,000 for the named, lead Plaintiff in this action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff, as the prevailing party, seeks attorneys' fees of $92,562.00, which represents approximately 250 hours expended, and costs in the amount of $2,888.03. After careful consideration of the submissions of the parties and the entire file, the Court awards a reduced amount of attorneys' fees and costs.

## LEGAL STANDARD

The FDCPA provides for costs and "reasonable attorney's fees as determined by the court."  15 U.S.C. § 1692k(a)(3); *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 699 (11th Cir. 2018).  The lodestar method applies to reach a reasonable attorney's fee award in FDCPA cases.  *Embree*; 752 F. App'x at 699; *Moton v. Nathan & Nathan, P.A.*, 297 F. App'x 930, 931–32 (11th Cir. 2008); *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) (holding fee-shifting principles applicable in FDCPA cases).

The federal lodestar is calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley*).  The district court considers various factors in deciding whether the hourly rate and number of hours worked are reasonable.  *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1352 (11th Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by*, *Blanchard v. Bergeron*, 489 U.S. 89 (1989)).  Once the lodestar is determined, it may be adjusted downward based on factors such as the results obtained if not already considered in the lodestar calculation.  *Bivins*, 548 F.3d at 1350–51 (citing *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)); *see also Fiedler v. Anglin's Beach Café, LLC*, No. 15-

60989-civ-Zloch, 2017 WL 1278632, at *3 (S.D. Fla. Apr. 3, 2017) (noting *Bivins* limits to one reduction method in computing lodestar, which limitation does not apply to any adjustment of that lodestar).

## DISCUSSION

The parties agreed that a judgment be entered on damages of $10,000 to the class and $1,000 to the named Plaintiff "plus taxable and recoverable costs, and attorney's fees to be determined by the Court." Dkt. 138. Defendant objects to the over $90,000 in fees sought as excessive and redundant.

Defendant argues that Plaintiff is not entitled to fees from October 2019 through May 2020 because Plaintiff unreasonably refused to draft settlement documents representative of the parties' negotiations. Specifically, the agreement drafted by Plaintiff's counsel added two terms: 1) the extension of liability to the agents, shareholders, and other individuals of the corporate Defendant; and 2) the requirement that the sum be paid by a date certain, i.e., within two weeks.

### Hourly Rate

A reasonable hourly rate is determined by the fee customarily charged in the legal community by attorneys with similar experience handling comparable cases. In deciding the hourly rate, the district court "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Here, multiple

attorneys and paralegals worked on this case, and the Court is familiar with the hourly rates typically charged in this district.

Five attorneys and five paralegals worked on this case. Dkt. 145 at 5. Ten timekeepers on this simple file (with minimal result) are vastly excessive. This case could easily have been worked by one lawyer and one paralegal. Ten shows a lack of judgment, poor case assessment, and poor common sense. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1353 (S.D. Fla. 2010) (reduction for overstaffing). A key skill, case intake assessment, was missing here.

Two attorneys, Mr. Alex Weisberg and Mr. Thompson, billed at $450 per hour, one of which has 20 years' legal experience and the other 9. Dkt. 145-1, ¶¶ 13–21. Mr. Gill, Ms. Rinkleib, and Mr. McDevitt billed at $400 an hour, all three having graduated from law school 10 or fewer years ago. Dkt. 145-1, ¶¶ 22–29. The five paralegals were each billed at $135 per hour. Dkt. 145-1, ¶¶ 30–37. The total number of attorney hours is 210.6 (203 plus 7.6), and the total number of paralegal hours is 39.2 (38.3 plus .9) for a total of 249.8 (241.3 plus 8.5). Dkts. 145 at 5; 157 at 1.

Other courts within this district have found reasonable a range from $100 to $350 per hour for FCDPA counsel. *Alston v. Summit Receivables*, No. 6:17-cv-1723-Orl-31DCI, 2018 WL 3448595, at *10 (M.D. Fla. June 27, 2018) (collecting

4

cases), *adopted by*, 2018 WL 3436789 (M.D. Fla. July 17, 2018); *Hering v. Halsted Fin. Servs., LLC*, No. 8:17-cv-1439-T-33MAP, 2017 WL 4355626, at *6 (M.D. Fla. Oct. 2, 2017) (finding $250 to $350 per hour reasonable in FDCPA cases).  For paralegals, $95 to $100 per hour has been found reasonable, with a rate of $125 per hour for paralegals with 25 years' experience.  *Alston*, 2018 WL 3448595, at *10; *Proescher v. Sec. Collection Agency*, No. 3:17-cv-1052-J-32PDB, 2018 WL 3432737, at *11 (M.D. Fla. June 8, 2018), *adopted by*, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (paralegal rate).

The Court finds $350 a reasonable hourly rate for Mr. Thompson with 20 years' experience and the tasks required in this case in the Tampa area.  *See Richo v. Williams*, No. 3:15-cv-474-J-HES-MCR, 2016 WL 9488724, at *2 (M.D. Fla. July 20, 2016) (finding $350 rate reasonable for attorney in FLSA case with 21 years' experience); *Finley v. Crosstown Law, LLC*, No. 8:14-cv-2541-T-30MAP, 2015 WL 2402461, at *2 (M.D. Fla. May 20, 2015) (awarding $300 hourly rate for 20 years' experience in FDCPA case and citing cases).  For the remaining attorneys, with 10 or fewer years' experience, $300 is a reasonable rate for the tasks performed.  A reasonable rate for these paralegals, with far less than 25 years' experience, is $100 per hour.

This was a straightforward case with a fixed statutory recovery.  Although Plaintiff's counsel asserts particular and unique skills were required in this case,

5

none have been required in this case and the skill of plaintiff's counsel was not tested or put on display in this small, basic case. That any counsel in FDCPA cases have been awarded $450 per hour by courts in this district does not bind this Court in this case. *See* Dkt. 145 at 5–6 (citing cases). Nor does such an award to these particular lawyers given by other federal district courts, located in California and other states, establish such a rate in this federal district. *See* Dkt. 145 at 6 (citing cases). The parties here did not agree as to the amount of fees, and the amount of fees sought is disputed.

### Number of Hours

The district court may reduce the number of unreasonably high hours by either conducting an hour-by-hour analysis or by applying an across-the-board cut, but not both. *Bivens*, 548 F.3d at 1352 (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)). The number of hours reasonably expended depends on the particularity, or lack of vagueness, of the description of work performed and on what hours would be unreasonable to bill the client. A reasonable number does not include hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). Counsel must exercise proper "billing judgment" to avoid the exclusion of excessive time. *Gonzalez v. Rainforest Café, Inc.*, No. 6:16-cv-2011-Orl-22DCI, 2018 WL 3635110, at *2 (M.D. Fla. Apr. 4, 2018) (citing *Hensley*), *adopted in*, 2018 WL 3635085 (M.D.

Fla. Apr. 19, 2018). The courts are obligated to impose proper billing judgment by reducing the hours if the movant has not. *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011).

The district court possesses wide, but not unlimited, discretion in determining a reasonable number of hours. *Norman*, 836 F.2d at 1301, 1304. The Court has considered the *Johnson* factors as required by *Bivins* and finds the almost 250 hours excessive and redundant and shows a lack of billing judgment.

To meaningfully review the hours, the progression of this lawsuit must be evaluated. This case moved at an unhurried pace. The complaint was filed in March 2018, alleging violations of the FCDPA based on two "template" letters sent by Defendant as a third-party debt collector to the named Plaintiff regarding personal medical services provided by Excel Medical Imaging, P.L. Dkts. 1, 37. The first letter forms the basis of an overshadowing claim---that the threat of additional action and demand for immediate payment "overshadowed" Plaintiff's right to dispute and verify the debt.[1] Dkts. 1, 37. The second letter forms the basis of a verification period violation, i.e., confusing to a consumer, and also a false sense of urgency claim. Dkts. 1, 37. Because Defendant ultimately sent the second letter giving Plaintiff an additional 30 days to dispute the debt, it revealed

---

[1] The complaint alleges Defendant sent to Florida consumers more than 40 collection letters in the form of the first letter. Dkt. 1, ¶ 44.

the false sense of urgency created by the first letter that stated any legal means would be used to collect if payment was not promptly submitted.  Dkts. 1, 37.

Defendant filed an answer, asserting only one affirmative defense as to liability.  Dkt. 13.  Defendant then filed a motion for judgment on pleadings which was granted in part.  Dkts. 21, 37.  The motion was denied as to the overshadowing claim, and the prior judge in this case opined that "it is, in fact, Plaintiff who is entitled to judgment as a matter of law [on this claim].  But Plaintiff has not so moved."  Dkt. 37 at 14.  Defendant was granted judgment as a matter of law on the verification period violation claim.  Dkt. 37 at 17.  The judge denied the motion as to the false sense of urgency claim and stated it "should be put to a jury."  Dkt. 37 at 19.

After both parties responded to a show cause order, judgment on the pleadings was granted in favor of the named Plaintiff on the overshadowing claim.  Dkts. 37, 40, 53, 74.  Meanwhile, a discovery dispute arose, and Plaintiff's motion to compel was granted in part and denied in part.  Dkts. 39, 65.  Plaintiff filed a motion for rehearing as to fees, which was denied by the United States magistrate judge in a well-reasoned order.  Dkts. 69, 80.  The case proceeded to an unsuccessful mediation.  Dkt. 57, 72.

In April 2019, the Court certified a class action without objection.  Dkt. 88.  Based on discovery, the class would include 93 individuals in addition to the

named Plaintiff. Dkt. 88 at 2. Amorette Rinkleib of Thompson Consumer Law Group, PLLC and Alex D. Weisberg of Weisberg Consumer Law Group, PA. were appointed lead counsel. Dkt. 88 at 6.

In August 2019, Plaintiff filed a motion for summary judgment, and Defendant filed a timely response. Dkts. 93, 98. The Court granted summary judgment on the overshadowing claim as to the rest of the class, as it had already granted judgment in favor of Plaintiff individually. Dkts. 74, 98, 105. The Court denied summary judgment on the false sense of urgency claim, reiterating that it "should be put to a jury." Dkt. 105 at 5.

In November 2019, before the final pretrial conference, Plaintiff's counsel filed a notice that a proposed class wide settlement had been reached. Dkt. 109. The parties were given 60 days to submit a joint motion for preliminary approval of the class settlement. Dkt. 110. The parties were unable to agree on a memorialized settlement agreement, however, and the case was reopened in February 2020. Dkts. 116, 123, 124. In May 2020, Defendant filed an offer of judgment, which Plaintiff accepted. Dkts. 137, 138. Only the fees and costs remain to be decided by the Court. *Id*.

Plaintiff noted at the fairness hearing held in September 2020 that there were no objectors to, or requests for exclusion from, the class. Dkt. 154. The award of statutory damages, by entry of judgment, in the amount of $10,000 to the class and

9

$1,000 to the named Plaintiff was approved as fair, adequate, and reasonable as to all certified class members.  Dkt. 155.  The fees request, which again is via an entry of judgment, not a cash payment, is not subtracted from any class recovery and is decided after the class amount was settled.

The billing records submitted by Plaintiff consist of 11 pages with single-spaced entries in a remarkably small font.  Dkts. 145-2, 157-1.  The Court must choose between combing through the billing records with an hour-by-hour analysis or making an across-the board reduction of the number of hours.  *Bivins*, 548 F.3d at 1351–52.  The Court chooses the latter and applies a 65 percent reduction because the hours are excessive and redundant.[2]

This case involves two form letters and was not complicated, particularly in view of the experience of the attorneys.  Defendant filed no motions directed to the complaint and answered with one affirmative defense, which it later withdrew.  Judgment on the pleadings was granted on the claims of overshadowing and a verification period violation.  It was Defendant who filed the motion, even though the rulings were mostly favorable to Plaintiff.

On the third claim, false sense of urgency, the judgment on the pleadings was denied based on disputed facts, specifically to proceed before a jury.  Despite

---

[2] Plaintiff's law firms regularly work as co-counsel on FDCPA cases.  Dkt. 145-1, ¶ 4.

this ruling, Plaintiff filed a motion for summary judgment on the claim, which was denied for the same reason.

The docket shows, contrary to Plaintiff's assertions, that Defendant did not protest at every opportunity. The motion for class certification was uncontested. Although Plaintiff moved to compel discovery, the magistrate judge found Defendant's objections justified and granted only part of the motion. Fees as a sanction against Defendant were denied. Plaintiff nevertheless filed a motion for rehearing as to the fees, which was denied, again, in a thorough order.

After the case settled by consent judgment, Plaintiff lays blame on Defendant for Plaintiff's inability to draft a final settlement agreement. Defendant's response that Plaintiff attempted to add two more conditions is well-taken. The Court takes this factor into consideration in arriving at the 65 percent reduction. Some of the numerous paralegal entries reveal purely clerical tasks, such as calendaring for follow-up and making travel arrangements, which are not compensable. Likewise, the Court cannot ignore the vast overstaffing of this case, the block billing, the redactions that make review impossible, and the very minor result.

The timesheets contain a few redactions. For example, 5 hours are sought for "research [redacted]." Dkt. 145-2 (4/23/2020 entry). Redacted time cannot be awarded.

Block billing is an impediment to review. Five hours for "research" is impermissible, unspecified block billing. *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1375 (M.D. Fla. 2010). So is 4.8 hours for "research [redacted] and drafted memorandum" and 9.3 lawyer hours for at least 6 tasks, which are not broken down by time on each task. Dkt. 145-2 (3/2/2020 entry – 4.8 hours), (3/28/2019 entry – 9.3 hours). Much of the time sought is excessive. "Legal research on amending caption; prepared motion to amend caption" for 1.7 hours is an example. Dkt. 145-2 (1/28/2020 entry).

The small result is a "particularly crucial" factor in determining the proper amount of attorney's fees. *Hensley*, 461 U.S. at 435.

The total 249.8 hours requested is reduced by 65 percent. The lodestar is computed as follows:

| NAME | Reduced Rate | Hours | 65% Reduction | Amount Due |
| --- | --- | --- | --- | --- |
| R. Thompson | $350 | 18.9 | 6.6 | $2,310.00 |
| A. Weisberg | $300 | 7.8 | 2.8 | $840.00 |
| A. Rinkleib | $300 | 129.9 | 45.5 | $13,650.00 |
| D. McDevitt | $300 | 51.5 | 18.0 | $5,400.00 |
| J. Gill | $300 | 2.5 | .9 | $270.00 |
| C. Moran | $100 | 2.4 | .8 | $80.00 |
| T. Zandarski | $100 | 21.1 | 7.4 | $740.00 |

| | | | | |
|---|---|---|---|---|
| J. Wresh | $100 | 4.4 | 1.5 | $150.00 |
| T. Davis | $100 | 8.1 | 2.8 | $280.00 |
| Z. Landis | $100 | 3.2 | 1.2 | $120.00 |
| | | **249.8** | **87.5** | **$23,840.00** |

## Adjustment to Lodestar

The district court may adjust the lodestar in an FDCPA case to achieve a more appropriate attorney's fee based on a variety of factors including the degree of Plaintiff's success. *Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, No. 2:17-cv-292-FtM-38MRM, 2017 WL 2078730, at *5 (M.D. Fla. Apr. 23, 2019), *adopted in part by*, 2019 WL 2076453 (M.D. Fla. May 10, 2019).[3] The lodestar is presumptively a reasonable amount and the Court declines to adjust it other than the percentage reduction above, in view of Plaintiff's judgment for the amount of the statutory penalty.

## Costs

Plaintiff is not entitled to all $2,888.03 in expenses in this FDCPA case where the parties agreed for the court to determine the costs. *Embree*, 752 F. App'x at 700–01 (holding district court did not abuse discretion in FDCPA case in

---

[3] The Court does not "double-count" in contravention of *Bivins* by reconsidering the *Johnson* factors. *See Bivens*, 548 F.3d at 1352.

following 28 U.S.C. § 1920).[4] Looking to § 1920, and Plaintiff has not cited legal authority to direct this Court's attention elsewhere, the costs of mediation are not taxable. *See*, *e.g.*, *Nicholas v. Allianceone Receivables Mgmt, Inc.*, 450 F. App'x 887 (11th Cir. 2012) (affirming district court's denial of mediation fees under § 1920 in FDCPA case). The $1,137.50 for mediation is denied. Dkt. 157-2. Pro hac vice admission fees ($150) are not allowed. *Ferrara Candy Co. v. Exhale Vapor LLC*, No. 2:17-cv-512-FtM-38MRM, 2019 WL 317646, at *4 (M.D. Fla. Jan. 7, 2019) (citing cases). Client costs for cab ($68.16), flight ($324), and hotel ($163.91) are not allowed under § 1920, nor are class administration fees ($370.06) and postage ($148.70). *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996)). The filing fee of $400, service of process fee of $50.70, and subpoena fee of $75 are allowed.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for attorney's fees and costs (Dkts. 145, 157) is granted in part and denied in part.

---

[4] *See also Richburg v. Carmel at the Cal. Club Prop. Owners Ass'n*, No. 18-21944-cv-Williams/Torres, 2019 WL 2255586, at *4 (S.D. Fla. May 1, 2019); *Montgomery v. Fla. First Fin. Group, Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *15 (M.D. Fla. 2008) (collecting cases).

2. Attorneys' fees are awarded in favor of Plaintiff in the amount of $23,840.00 and costs in the amount of $525.70, for a total of $24,365.70.

3. The Clerk is directed to enter judgment in favor of Plaintiff in the amount set forth in paragraph 2 above and thereafter close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 9, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record